**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

_____

**NO. 16-1864**
_____

**IN RE LINDA MERRITT**

_____

**Appeal From Order In The United States District Court For The Eastern
District Of Pennsylvania, No. 15-04282, Affirming Order Entered in the United
States Bankruptcy Court for the Eastern District of Pennsylvania, No.
11-18134**

_____

**OPENING BRIEF OF APPELLANT
LINDA MERRITT**

_____

Eugene J. Malady, Esquire
EUGENE J. MALADY, LLC
211 N. Olive Street, Suite 1
Media, PA   19063
610 565-5000 (telephone)
610 565-1201 (facsimile)
emalady@ejmcounselors.com

*Attorney for Debtor-Appellant,
Linda Merritt*

## TABLE OF CONTENTS

**PAGE**

**PRELIMINARY STATEMENT** ........................................................................1

**JURISDICTION**...........................................................................................2

**STATEMENT OF ISSUES PRESENTED** .............................................3

**STATEMENT OF THE CASE**.................................................................5

**A.    The National City Mortgage Co. Note And Mortgage**...............................5

**B.    PNC's State Court Foreclosure Action**...........................................5

**C.    Merritt's Chapter 13 Proceedings**................................................6

**D. THE JUNE 16, 2015 HEARING ON THE OBJECTION TO PNC'S PROOF OF CLAIM AND CRAM DOWN MOTION**.....................................13

**SUMMARY OF ARGUMENT** .............................................................17

**ARGUMENT** ..........................................................................................18

**A.    PNC LACKS STANDING TO PROSECUTE ITS PROOF OF CLAIM AGAINST MERRITT**.................................................................18

   **1.    PNC misled the Bankruptcy Court**.....................................21

   **2.    The Mortgage Has Merged With The State Court Judgment**...........26

**CONCLUSION**.......................................................................................29

**CERTIFICATE OF COMPLIANCE WITH F.R.A.P. 32(A)(7)**............................

**CERTIFICATE OF SERVICE** .............................................................

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Kern*, 259 Pa. 81, 102 A. 427 (Pa. 1917)...........................................27

*Aoudev v. Mobil Oil Corp.*, 892 F. 2d 1115, 1118 (1st. Cir. 1989).......................25

*Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002)........................................20

*In re Alcide*, 450 B.R. 526, 535 (Bankr. E.D. Pa. 2011)................................passim

*In re Brooks*, 2008 Bankr.LEXIS 621 (Bankr. E.D.Pa. Feb. 13, 2008)................28

*In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr.E.D.N.Y. 2008).....................21

*In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210-11 (3d Cir. 2011).................3

*In re Gray*, 558 Fed. Appx. 163 (3d. Cir. 2014)....................................................18

*In re Kincaid*, 388 B.R. 610, 614 (Bankr.E.D.Pa. 2008)........................................27

*In re Martinez*, 2011 Bankr.LEXIS 982, at *4 (Bankr. D. Wyo. Mar. 16, 2011)....19

*In Re Merritt*, 555 B.R. 471, 477 (E.D.Pa. 2016)....................................................19

*In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010)............................27

*In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003).............4

*In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011)................................4

*In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014).................................................4

*In re W.R. Grace & Co.*, 729 F.3d 311, 319 n. 14 (3d Cir. 2011)............................4

*Kemp v. Countrywide Home Loans, Inc., (In re Kemp)*, 440 B.R. 624, 634 (Bankr.D.N.J. 2010)............................................................................................20

*Manus Corp. v. NRG Energy, Inc. (In re O'Brien   Environmental v. Energy, Inc.,)*, 188 F.3d 116 (3d Cir. 1999).............................................................2

*Montgomery County v. Merscorp*, 165 F.Supp.2d 542 (E.D. Pa. 2002)...................22

*Stouro v. Borough of Point Pleasant Beach*, 322 F.3d 293, 298-99 (3d Cir. 2003)..19

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010)...........................10

*Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 921-22 (Pa. Super . 2010)..............24

## I.    PRELIMINARY STATEMENT

This is an appeal by Linda Merritt ("Merritt") from an order of the United States District Court for the Eastern District of Pennsylvania affirming an order of the United States Bankruptcy Court for the Eastern District of Pennsylvania.  PNC filed a mortgage foreclosure action against Merritt in state court and obtained a judgment against Merritt.  Merritt then filed for Chapter 13 bankruptcy protection, and PNC filed a proof of claim in the bankruptcy proceeding.

Merritt filed an objection to PNC's proof of claim, asserting that PNC lacked standing to file a proof of claim because it was not the real party in interest.   The Bankruptcy Court held that PNC had standing to proceed on the basis that it was the servicer of the loan, and the Eastern District affirmed on the grounds that PNC was both the holder of the Note and servicer, notwithstanding any evidence in the record to support these conclusions.

Both courts are in error.  The evidence plainly demonstrates that Freddie Mac is the owner and holder of the Note and Mortgage and is the real party in interest, not PNC.  PNC redacted the Note and Mortgage in an attempt to conceal that Freddie Mac is the owner and holder of the Note and Mortgage instead of PNC.  PNC is merely the <u>servicer</u> of the mortgage, but PNC never established that it had authority to execute the foreclosure or prosecute the Proof of Claim in its capacity as servicer.

1

## II.    JURISDICTION

On June 16, 2015, the Bankruptcy Court overruled Merritt's objection to PNC's proof of claim. Merritt filed a timely Motion for Reconsideration pursuant to Fed.R.Civ.P. 59(e), made applicable to bankruptcy courts under F.R.B.P. 9023. On July 22, 2015, the Bankruptcy Court denied the Motion for Reconsideration. On July 31, 2015, Merritt timely appealed the Bankruptcy Court's order to the Eastern District.

On March 16, 2016, the Eastern District affirmed.  Merritt timely appealed to the Third Circuit.

The Third Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. § 156(a).  A district court sits as an appellate court in bankruptcy proceedings.  *In re Michael*, 699 F.3d 308 n. 2 (3d Cir. 2012).  The Court also has jurisdiction over Merritt's appeal under 28 U.S.C. Sections 158(a)(1) and § 1334.

A district court reviews the bankruptcy court's "exercise of discretion for abuse thereof." *Manus Corp. v. NRG Energy, Inc. (In re O'Brien  Environmental v. Energy, Inc.,*), 188 F.3d 116, 122 (3d Cir. 1999).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or misapplication of the law and facts." *Id*.

2

## III.   STATEMENT OF ISSUES PRESENTED

1.   Whether the Bankruptcy Court erred in overruling Merritt's Objection to PNC's Proof of Claim, on the basis that PNC did not commit a fraud on the court by submitting a redacted Note and Mortgage in support of its assertions that it was the owner/holder of the Note and Mortgage, when in fact:

(a) the unredacted Note and Mortgage establish that Freddie Mac is the owner/holder of the Note and Mortgage, not PNC;

(b) PNC is merely the servicer of the mortgage; and

(c) PNC did not submit any evidence that it has the authority to foreclose against Merritt or prosecute the Proof of Claim in PNC's capacity as servicer?

Standard of Review: The issue presents issues of fact, issues of law and mixed questions of law and fact. Thus the standard of review is clear error as to the facts and de novo on the interpretation of the law and the application of the law to the facts.

This court applies a "clearly erroneous" standard to the bankruptcy judge's findings of fact. *In re Gray*, 558 Fed. Appx. 163, 166 (3d. Cir. 2014) ("A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed" even

3

if there is evidence to support the finding); *In re W.R. Grace & Co.*, 729 F.3d 311, 319 n. 14 (3d Cir. 2011).

This Court exercises plenary, or de novo, review over any legal conclusions reached by the bankruptcy court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014).

For mixed questions of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). This Court should "apply a clearly erroneous standard to integral facts", but exercises plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citations omitted).

## IV.    STATEMENT OF THE CASE

### A.    The National City Mortgage Co. Note And Mortgage

Merritt is the owner of a owner/renter occupied property located at 699 West Glen Rose Road, Coatesville, PA 19320 (the "Property"). On November 24, 2004, Merritt executed a Note and Mortgage in favor of National City Mortgage Co. ("National City"), secured by the Property. R. 98-119. Merritt used the proceeds of the loan to refinance her prior Mortgage on the Property. On August 5, 2008, National City and Merritt entered into a Loan Modification Agreement ("Modification"). Even though Merritt made all of the payments pursuant to the Modification, PNC declared Merritt in default.

### B.    PNC's State Court Foreclosure Action

On May 11, 2010, PNC initiated a Foreclosure Action ("Foreclosure") in the Chester County Court of Common Pleas. PNC represented in the Foreclosure that it "is the legal holder of the Mortgage that is the subject of this action". R. 142-50. PNC did not attach the alleged Note and Mortgage or any supporting documentation to its Complaint. PNC obtained a default judgment against Merritt. Merritt filed a "Petition To Open Judgment And Answer And New Matter And Counterclaim" ("Motion"). R. 156-200. Merritt asserted in the

Motion and New Matter that: i) neither National City nor PNC provided notice of the change in servicer to Merritt; ii) PNC did not comply with RESPA; and iii) PNC failed to produce any evidence that it is the holder of the Note and Mortgage.  Id.

In response, PNC represented to the state court (R. 201-05) that: i) it complied with the notice provisions under RESPA because there was no change in the servicer; and ii) "On November 7, 2007 National City was acquired by PNC Bank.....There was no sale or assignment of the Mortgage and no transfer of the servicing rights. And the address to which Defendant to send mortgage payments never changed. Therefore plaintiff did not violate RESPA by failing to provided defendant with notice of sale/assignment." Id. Based on PNC's representations the state court denied the motion.

Thereafter PNC moved to conduct a sheriff sale of the Property. Merritt through counsel entered into settlement discussions. PNC terminated the settlement discussions and moved to relist the sale of the Property.

## C.    Merritt's Chapter 13 Proceedings

On October 21, 2011, Merritt filed a Petition under Chapter 13 of the Bankruptcy Code. On November 14, 2011, PNC filed a Proof Of Claim, (Claim No. 4-1) in the amount of $358,866.71, alleging

it was a secured creditor. R. 222-28. In support of the Claim PNC attached a copy of the Note and Mortgage identifying National City as the lender, not PNC, nor was there an endorsement of the Note and Mortgage from National City to PNC. Id.

Merritt filed an objection to the proof of claim in which she attached a letter from Freddie Mac's website confirming that Freddie Mac purchased the loan in 2005, four years before PNC merged with National City, and six years before PNC filed the Proof of Claim in the estate. R. 52-61. Attached as Exhibit 1 to Merritt's Objection to PNC's Proof of Claimis a letter Merritt obtained from the Freddie Mac website stating: "Yes. Our records show that Freddie Mac is the owner of your mortgage and it was acquired on January 19, 2005. This date is also referred to as the Freddie Mac settlement date." R. 59-60.

Merritt asserted that based upon this evidence obtained from the Freddie Mac website that confirmed Freddie Mac purchased the Note and Mortgage on January 19, 2005, four years before PNC merged with National City and six years before it filed its claim in this estate, the owner/holder of the Note and Mortgage was Freddie Mac, not PNC.

In PNC's Response to the Objection to Proof of Claim ("Response") it argued the following as to the Freddie Mac letter:

"The document attached as Exhibit 1 to the Objection to Claim is generic and makes no reference to the aforementioned loan that was executed by Linda Merritt, by way of further response and without waiving the foregoing.   Freddie Mac is the investor of the loan of Linda Merritt. However, PNC Bank, N.A. is the holder of the Note and Mortgage and has standing both to file the proof of claim in Federal Bankruptcy Court and to prosecute a foreclosure action in state court." R. 62-63.

Faced with affirmative evidence that Freddie Mac owned the Mortgage not PNC, rather than truthfully confirm that fact, PNC attempted to discredit the Freddie Mac letter as "generic" and describes Freddie Mac's role as the "investor of the loan of Linda Merritt." Id.

It is important to note that PNC's representations to the Bankruptcy Court that Freddie Mac is the "investor of the loan of Linda Merritt" are totally inapposite to its representations to the state court in order to hold its illegally obtained default judgment. As stated above, when Merritt challenged PNC's ownership of the loan in its state court foreclosure action PNC stated that National City was acquired by

PNC Bank" There was no sale or assignment of the Mortgage/Note and no transfer of the servicing rights.  R. 62-63.

On February 13, 2013, Thomas Schneider, Merritt's counsel at that time, deposed PNC's designated representative, Ms. Dorothy Thomas in connection to PNC's motion for relief from the automatic stay.  At that deposition Ms. Thomas confirmed that Freddie Mac was the owner of the loan.  The following occurred:

> [Mr. Schneider] Q. Okay, what is Freddie Mac's status?
> [Ms. Thomas]    A. They are the investor and they are the owner.

R. 212.

Mr. Schneider then showed the November 24, 2004 Note (the "Note") R. 212-21.  The following then occurred:

> [M. Schneider]   Q.... now at the top of the page here on that document there's something that says Fred Mac. Would you read that for the record, please what it says?
> [Ms. Thomas]    A. It says, "Freddie Mac No. 44".
> Q. Would you read that number please? What's the number?
> A. 444840036.
> Q. What is the number?
> A. It's the Freddie Mac investor number
> Q. Freddie Mac's number.
> A. It is their loan number.

R. 216-17.    Later in the deposition Ms. Thomas affirmed again that Freddie Mac is the owner of the Loan:

> Q. ....Does she owe funds to Freddie Mac?
> A. What funds she owes to PNC are then sent to Freddie Mac.
> Q. Because Freddie Mac, ultimately is the entity entitled to those moneys.
> A.  Freddie Mac is the owner.

*See also* R. 217-18 (National City merged with PNC).

On April 8, 2014, the Bankruptcy Court confirmed Debtor's Fourth Amended Chapter 13 Plan ("Plan"). R. 356. Merritt has fully funded the Plan. The Plan provided that PNC's claim would be resolved by litigation. PNC did not object to the Plan, so PNC is bound by the terms of the Plan.[1]

On February 17, 2015, Merritt filed a Chapter 13 Debtor in Possession Objection To PNC Bank National Association (Claim No. 4-1) (the "Objection"). In the Objection, Merritt asserted that PNC was not the owner/holder or lawful assignee of the Note and Mortgage. The evidence Merritt obtained during the bankruptcy proceedings shows that Freddie Mac has been the owner, holder and or lawful assignee of the Note and Mortgage, not PNC. R. 52-57.

Nevertheless, PNC, despite only being the alleged servicer of the Mortgage, and never having established authority to act on the Note and Mortgage, obtained a foreclosure judgment and sought to enforce that foreclosure judgment in the Bankruptcy Court; this PNC may not do.

In Response to Merritt's Objection PNC asserted that: "PNC Bank, N.A. is a successor by merger to National City Mortgage

---

[1] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010) (creditor who did not object to confirmation of a plan after notice and opportunity to be heard could not thereafter challenge improper provisions of the plan after confirmation).

Co." R. 62-63.  PNC attached Exhibit A, a "true and correct copy" of the alleged original subject Note and, as Exhibit C, a "true and correct copy" of the alleged original Mortgage. PNC further represented that "contrary to the... assertions of Linda Merritt in her objection, PNC Bank, N.A. not Freddie Mac is the holder of the Note and Mortgage and is the real party in interest." The Note and Mortgage, however, were both made in favor of National City Mortgage Co. as the lender, not PNC.  PNC did not produce a servicing agreement of the loan, an endorsement or assignment of the Note and Mortgage from National City to PNC.

A review of these exhibits further revealed that PNC had redacted portions of the Note and Mortgage by blacking them out. R. 62-88.  The Note also is blacked out under Merritt's signature.  Id.

During the briefing on Merritt's Objection  proceeding, Merritt filed a Cross Motion to Cram down the Mortgage pursuant to Section 506 in response to PNC's Motion for relief from the Automatic stay (the "cram down Motion").  In PNC's Response and Objection to the cram down Motion (hereinafter "Response and Objection") PNC annexed purported copies of the Note and Mortgage. The purported copy there  does not contain the blacked out bar at the top, just a white space with some unidentifiable markings, and at the bottom of this document,

where the blacking out bar appears (R. 64), there is a bar code on (R. 49).

Similarly, where the copy of the Mortgage annexed to the Response has blacking bars at the bottom of each page R.62-88, the purported Mortgage annexed to the Response and Objection has bar codes  and what appears to be the Document Identification Number for the Chester County Recorder of Deeds, "Doc. Id: 10432564". The purported "true and correct copy" of the Note and Mortgage attached to PNC's Response are less "true and correct" than the copies attached to the Response and Objection to Merritt's cram down Motion.

Merritt obtained completely unredacted versions of the Note and Mortgage (the originals have never been produced.)  The blacking out bar at the top of the Note has the typewritten number, "0003695149", which corresponds to Merritt's National City loan account number, and the characters "Fred Mac 444840036". R. 98. Merritt's copy of the Mortgage also reflects the number "3695149," R. 103. Merritt submits that PNC, in its Response, attempted to prevent the Bankruptcy Court from seeing the National City loan number, "3695149", the "Fred Mac #444840036", the bar codes on the documents and, even more bizarre, the Chester County Recorder of Deeds Identification number.

The only documents attached to PNC's Proof of Claim were the Note and Mortgage executed by Merritt in favor of National City Mortgage

Co. not PNC. There is no endorsement assignment from National City Mortgage to PNC, nor any other supporting document naming PNC as the holder of the Mortgage or granting PNC the authority to file a Proof of Claim.

## D. THE JUNE 16, 2015 HEARING ON THE OBJECTION TO PNC'S PROOF OF CLAIM AND CRAM DOWN MOTION

The Bankruptcy Court consolidated Merritt's Objection to the Proof of Claim and her cramdown Motion.[2] The following took place between Merritt's counsel and the Court during the motion (R. 206-11):

> Mr. Penn: Fortunately - and my client will testify how she was able to get these documents - were provided to her in 2012 by the same law firm, and also when she accessed the Freddie Mac web site and what documents showed, because she was able to get to her precise loan account, is that redacted portions of the documents submitted by PNC show that the name Freddie Mac was blacked out.

> The Court: Understood, counsel I'm still having a basic problem with understanding how this is even vaguely relevant, given that number one if that, number one if that was the bank's intention, they did a remarkably poor job of it since one can in fact look at the document and still see Fannie Mae/Freddie Mac Uniform--I presume Uniform Instrument. Second, therefore I was not deceived and so there is no possible fraud on the Court here, which is one requirements for you to prevail on that. So fraud on the Court just falls apart and I'm not sure why any of is even vaguely relevant to my consideration of this matter.

> Mr. Penn:    Well your Honor, the point is why did they redact that information?

---

[2] Merritt has not appealed the Bankruptcy Court's decision on the cramdown Motion.

R. 206-11.

> The Court:      The note and mortgage exhibits both
> demonstrate that Fannie Mae, Freddie Mac appear on the face of the
> document. The net result is, counsel that at no time was there
> anybody, including your client, that didn't know that Fannie Mae,
> Freddie Mac was in fact the original owner of this -- of notes, so
> nobody was deceived here, counsel.

Id.

After the Court found it was not deceived by PNC that
Freddie Mac owned the loan because the note and mortgage were
memorialized on a Fannie Mae/Freddie Mac Uniform Instrument which
language was not redacted from the documents, the Court addressed
PNC's standing as the alleged servicer of the loan. The following
discussion ensued:

> The Court:      The frank answer is you've got --you had this basic
> servicer and assignee problem and you've admitted to their being an
> assignee, so I am just --I have no idea why you think this is even
> vaguely relevant. I'm going to give you one shot at explaining that to
> me--
>
> The Court:      But your client has admitted that they're the
> assignee, right?
>
> Mr. Penn:      No.
>
> The Court:      -- Counsel.
>
> Mr. Penn:      To being the servicer of the mortgage, yes.
>
> The Court:      --and the law in the Third Circuit is clear, that

they have standing to file a proof claim as a servicer. That's what Scarborough [*In re Alcide*, 450 B.R. 526, 535 (Bankr. E.D. Pa. 2011)] says.

The Court:     So you need to tell me what your argument is because Scarborough [*Alcide*] says a servicer has standing to file a proof of claim, so your argument that there was a fraud perpetrated on the Court doesn't stand because I wasn't deceived which is a requirement for that.

The Court:     I'm sorry counsel I kept referring to Scarborough when I meant *Alcide*.

Id.

At the conclusion of the hearing the court overruled the Objection to the Proof of Claim on the basis it was not deceived that Freddie Mac owned the loan because the Note and Mortgage was memorialized on a Fannie Mae/Freddie Mac Uniform Instrument which language was not redacted, and because Merritt admitted PNC was the servicer and thus had standing under *In re Alcide* to file and prosecute the claim.

Merritt timely moved for Reconsideration of the Court's order overruling the Objection on three basis: first, a note and mortgage memorialized on a Fannie Mae/Freddie Mac Uniform Instrument (the "Form") does not constitute ownership of the loan, because the Form is used by 95% of the banks and mortgage brokers to sell the loan to either Fannie or Freddie at a later date to create liquidity in the mortgage market, and, most importantly, Fannie Mae and Freddie Mac do not

15

originate loans;[3] second, the Court ruled Freddie Mac owned the Loan, not PNC, thus PNC lacked standing and was not the real party in interest to file and prosecute the Proof of Claim; third, *Alcide* does not stand for the proposition that the mere admission that PNC was the servicer equates to standing as a real party in interest to file and prosecute the Proof of Claim.  The Bankruptcy Court denied reconsideration.

After filing this appeal, Merritt entered into a stipulation with PNC to make adequate protection payments to PNC during the appeal.  Merritt has made all payments during this appeal and is prepared to make additional payments in the event of remand for further evidentiary hearings.

---

[3] "Fannie Mae" is the common name for an entity known as the Federal National Mortgage Association." See Kate Pickert, "A brief history of Fannie Mae Freddie Mac" Time (July 14, 2008), available at 0,8599,1822766,htm. Fannie Mae [Freddie Mac] was created by Congress in 1938" in order to buy mortgages from lenders freeing up capital that could go to other borrowers."  *Id*.  In 1968, it "was converted into a publicly traded company owned by investors."  *Id*.  Today, Fannie Mae states that it is "the leading source of residential mortgage credit in the U.S. secondary market," with a mission "to provide reliable large scale access to affordable mortgage credit in all communities across the country...." Fannie Mae "Company overview" (February 20, 2015).

## V.    SUMMARY OF ARGUMENT

PNC lacks standing to prosecute a proof of claim against Merritt because it is neither the owner or holder of the Note and Mortgage.

The evidence demonstrates that Freddie Mac is the owner and holder of the Note and Mortgage, and that they were never transferred or assigned to PNC.  PNC claimed in its response to Merritt's objection that it became holder of the Note and Mortgage because National City, the owner, merged into PNC.  The flaw in this argument is that Freddie Mac purchased the Note and Mortgage in 2005, four years before PNC merged with National City, and six years before PNC filed the Proof of Claim in Merritt's bankruptcy.

PNC also claims the right to proceed against Merritt because it is the servicer of the mortgage.  This, too, is incorrect.  PNC never produced any evidence that its servicing agreement permitted it to foreclose on the Note or Mortgage or prosecute its Proof of Claim.

Therefore, this Court should reverse the Bankruptcy Court's order, grant Merritt's objections to PNC's proof of claim, and dismiss PNC's proof of claim.

## VI.    ARGUMENT

## A.    PNC LACKS STANDING TO PROSECUTE ITS PROOF OF CLAIM AGAINST MERRITT.

A Proof of Claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). While the initial burden is on the claimant to allege sufficient facts to support its claim. *In re Allegheny Int. Ins.*, 984 F.2d 167, 173 (3d Cir. 1992), the burden shifts to the objector to overcome the prima facie nature of a properly filed and supported claim. *Id*. "If the objector provides sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence. The burden of persuasion is always on the Claimant." *Id*.

For a party to have standing to be heard in a bankruptcy proceeding it, "must have some legally protected interest that either has been adversely affected (thereby warranting judicial relief) or that is in actual danger of being adversely affected if relief is not granted.") *In re Alcide*, 450 B.R. 526, 535 (Bankr. E.D. Pa. 2011) (citing *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210-11 (3d Cir. 2011) In addition there is an "inherent ...additional requirement that the party must be asserting its own right, and not

those of another entity." *Id.* (citing *In re Martinez*, 2011 Bankr. LEXIS 982, at *4 (Bankr. D. Wyo. Mar. 16, 2011); *Stouro v. Borough of Point Pleasant Beach*, 322 F.3d 293, 298-99 (3d Cir. 2003)).

F.R.B.P. 3001(b) requires that the proof of claim be executed by the creditor or the creditor's authorized agent.  Rule 3001(c) provides that if a claim is based "on a writing, a copy of the writing must be attached to the proof of claim." If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction "must be filed with the claim" shall be accompanied by the evidence that the security interest has been perfected.  *In re O'Brien*, 440 B.R. 654, 660 (Bankr.E.D. Pa. 2010).

Merritt submits that PNC's Proof of Claim is deficient because it has not been filed with the proper evidence that its security interest has been perfected. Rule 3001(d); *In re Ahmadi*, 467 B.R. 782, 788 (Bankr. E.D. Pa. 2012).

PNC is not the owner or holder of the Note and Mortgage.  Freddie Mac is the owner and holder.  The letter from Freddie Mac's website confirms that Freddie Mac purchased the loan in 2005, four years before PNC merged with National City, and six years before PNC filed the Proof of Claim in the estate.

The district court insists incorrectly that PNC is the holder of the Note and Mortgage.  *In Re Merritt*, 555 B.R. 471, 477 (E.D.Pa. 2016).  In PNC's response to

Merritt's objection to PNC's proof of claim, PNC alleged that it became the holder because National City merged with PNC while National City owned the Note and Mortgage. But as stated above, Freddie Mac purchased the Note *four years before PNC merged with National City*. Since the Note was held by Freddie Mac long before the merger, PNC obviously is not the holder of the Note.

In addition, relying on *Alcide*, the district court insists incorrectly that PNC has standing because it is the servicer of the Mortgage. *Alcide* states the following:

> The servicer may . . . be a party in interest in the bankruptcy case, with the right to prosecute a stay relief motion, if the servicer is acting within the scope of its authority as the mortgage holder's agent. Whether it has such authority depends on *the content of the servicing agreement between the mortgage holder and the servicer. That agreement may or may not be broad enough in scope as to delegate to the servicer the authority to initiate and manage foreclosure litigation on the mortgage holder's behalf.*

*Id*., 450 B.R. at 538 (emphasis added). The servicer may foreclose when it is within the scope of the servicing agreement or when the servicer submits an affidavit or power of attorney demonstrating its authority to foreclose. *Alcide*; *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) (Max Flow's response included the affidavit of Kevin Matyniak, manager of the bankruptcy processing department for MBNA, "[which] authorized Max Flow to file a proof of claim on its behalf"); *Kemp v. Countrywide Home Loans, Inc., (In re Kemp)*, 440 B.R. 624, 634 (Bankr.D.N.J. 2010) ("A power of attorney was submitted affording Countrywide Home Loans Servicing L.P. ...the limited opportunity to perform all

20

necessary acts ... presumably including the authority to file a proof of claim in a bankruptcy case"); *In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr.E.D.N.Y. 2008) (court granted servicer standing where the servicer "provided an affidavit attesting that it is the servicer of the note and mortgage, has provided original note and mortgage...").

In this case, PNC never submitted its servicing agreement into evidence and never filed an affidavit or power of attorney evidencing its authority to initiate and manage foreclosure litigation or to file proofs of claim. Therefore, the district court's conclusion is incorrect: PNC's status as servicer does not give it the right to foreclose against Merritt or prosecute its Proof of Claim.

In short, PNC is not the owner or holder of the Note, and its status as servicer does not permit it to foreclose against Merritt.

**1. PNC misled the Bankruptcy Court.** It is difficult to see how PNC's conduct in presenting two differently redacted copies of the purported Note and Mortgage, including the redacting of the "Fred Mac #444840036" and the number under Merritt signature on the Note, the Chester County recorder of Deeds identification number on the Mortgage, or the bar codes on each document, is anything other than fraudulent. PNC could have no legitimate, valid purpose in redacting any information on these documents.

If Freddie Mac is "the investor of the loan of Linda Merritt," then ownership had to be transferred to Freddie Mac. "[T]ransfer of the Note by operation of law also transfers the mortgage..." [F]ailure to create and record documents evincing the transfer of promissory notes secured by mortgages and real estate in the commonwealth of Pennsylvania ...is in violation of Pennsylvania recording law." *Montgomery County v. Merscorp*, 165 F.Supp.2d 542 (E.D. Pa. 2002).

The Bankruptcy Court found *sua sponte* at the hearing that because the Merritt executed a Note and Mortgage that was memorialized on a Fannie Mae/Freddie Mac Uniform Instrument (the "Form") which language was not redacted, therefore the Court was not deceived. R. 1060. The Court's reasoning was incorrect. To be clear neither PNC nor Merritt asserted in their papers or at the hearing that the Form itself is indicative of ownership of the loan. The reason neither party made that argument is because Freddie Mac is not an originator of loans. *See* n. 2, *supra*. Freddie Mac and Fannie Mae's role in the mortgage market is to buy loans that have been already documented and funded. The purchase of these loans creates liquidity in the mortgage market for direct lenders and mortgage brokers. The Form is used by 95% of the banks and mortgage brokers in

the United States in order to have an orderly sale of the loan to Fannie/Freddie if at a later date the bank elects to sell the loan as a source of funding to provide mortgages to borrowers.

This is exactly the same scenario that was implemented when National City in the case at bar sold the Note and Mortgage to Freddie Mac on January 19, 2005. R. 555-557.

In the Court's denial of Reconsideration it affirmatively stated that "PNC now owns the Mortgage", because PNC merged with National City. (Op. at 10-11) PNC obtained this ruling from the Court through its fraudulent misrepresentations that it was the owner/holder of the Note and Mortgage through its 2009 merger with National City. As explained herein, PNC allowed the Court to make this erroneous ruling knowing that its representative provided a deposition in a separate proceeding before the Court confirming that Freddie Mac is the owner of the Note and mortgage not PNC.

In its order denying Reconsideration the Bankruptcy Court Opined that: "The Debtor has not made a plausible argument regarding the relevance of the redacted account numbers." (Op. at pg.10) The Court's finding is in error. Merritt articulated that not only did PNC redact the Freddie Mac loan number it also redacted the Freddie Mac

name from the Note. R. 587, 704. It was important for PNC to keep up the charade that it was the owner/holder of the loan for two reasons. First, PNC did this to hold on to the illegal default judgment in state court based on its representations in that court that there was no sale or assignment of the loan, which was patently false.[4] R. 705. Second, PNC needed to dupe the Bankruptcy Court to invoke standing as the real party in interest to move to lift the stay and foreclose and sell the Property based on its fraudulent state court judgment. R. 705.

The Court also found that it wasn't deceived because "unredacted copies of the Note and Mortgage were previously submitted by PNC with the Proof of Claim. Thus, the Court had full knowledge of the loan information, provided by the creditor." Id. This finding by the Court is also in error and of no moment as to the Court not being deceived by the redacted Note and Mortgage. Contrary to the Courts statement that it had full knowledge of the loan information because unredacted copies of the Note and Mortgage were attached to the Proof of Claim, the Note attached to the Proof of Claim is

---

[4] Under Pennsylvania law, the real party in interest is the mortgagee. *See Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919, 921-22 (Pa. Super Ct.. 2010) ("We observe that the mortgagee is the real party in interest in a foreclosure action"). The rules of civil procedure require "all actions shall be prosecuted in the name of the real party in interest." Pa. R.C.P. 2002(a) Clearly PNC violated Pennsylvania state law and rules by misrepresenting its ownership of the loan in the Foreclosure action.

redacted by the use of black marker and white out to conceal the name Freddie Mac and loan number at the right hand corner of the Note. The Mortgage attached to the Proof of claim is also redacted with black out. These documents place belt and suspenders on Merritt's assertions that PNC deceived the Court and committed a fraud on the Court. This deception apparently worked well to lull the Court into believing it was not deceived. *See Aoudev v. Mobil Oil Corp.*, 892 F. 2d 1115, 1118 (1st. Cir. 1989) (affirming district court's dismissal of lawsuit where plaintiff attached to his complaint a fictional purchase agreement).

As explained herein the Court erred in finding: i) that it was not deceived; ii) the Merritt did not present a plausible argument regarding the relevance of the redacted account numbers; iii) Merritt did not meet the high standard of fraud on the court; iv) that PNC now owns the loan; and v) denying Merritt discovery and an evidentiary hearing as to Freddie Mac's purchase of the loan.

In *Alcide*, the bankruptcy court denied a motion by a mortgage loan servicer for relief from the automatic stay of Section 362. That court concluded that the servicer had not established that it was a party in interest pursuant to 11 U.S.C §1109, entitled to seek relief from the automatic stay. The court found that the servicer

had not presented sufficient evidence to permit a finding that it was either: (1) the holder of the mortgage, with the concomitant right to enforce it under state law or (2) an agent authorized by the holder of the mortgage to initiate court proceedings to enforce the mortgage on the owner/holders behalf. *Id*. The mortgage servicer in *Alcide* made no claim that it was the mortgage holder; all of the evidence was designed to prove that it was servicing the mortgage for its parent company. *Id*.

In the case at bar, Merritt has presented evidence that Freddie Mac and not PNC is the owner/holder of the subject mortgage. This evidence is buttressed by PNC's admission that: "Freddie Mac is the investor of the Linda Merritt Loan" R. 1116; R. 176. PNC thus has the burden to prove the validity of its claim which it has failed to do. See In re Allegheny Intern. Ins., 984 F.2d at 173 (3d Cir. 1992). This PNC has not done. PNC asserted that it is the owner/holder of the Note with no proof supporting it is authorized to act on behalf of Freddie Mac.

## 2. The Mortgage Has Merged With The State Court Judgment

PNC has supplied a certificate of merger which establishes that PNC and the original mortgage entity, National City Mortgage Co. merged into PNC. PNC alleged that it is the holder of the Note but it provides no proof thereof, and did not

provide a copy of the note showing it is the holder thereof. Although there is legal authority for the proposition that, "a production of an accompanying bond or note "is not essential to a mortgagee's right of action on a mortgage," *Alcide*, 450 B.R. at 548 (citing *Anderson v. Kern*, 259 Pa. 81, 102 A. 427 (Pa. 1917), PNC is not pursuing a right of action on a mortgage but instead is pursuing a Proof of Claim in bankruptcy. PNC has not proffered evidence to permit a finding under F.R.B.P. 9017 that it is a "real party in interest." *In re Minbatiwalla*, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010) ("...a party filing a proof of secured claim has the burden of establishing it has the authority to do so").

As noted pursuant to F.R.B.P. 3001(c), "[W]hen a claim, or an interest in property of the debtor securing the claim is based on a writing, a copy of the writing shall be filed with the proof of claim." While PNC did not attach copies of the state court judgment to its Proof of Claim, it does note on its face that a court judgment was obtained on August 9, 2010. R. 1270. When a proof of claim does not adhere to the requirements of Rule 3001 by providing the documents necessary to support the claim, it should not necessarily be disallowed, but rather is denied prima facie validity. *In re Kincaid*, 388 B.R. 610, 614 (Bankr.E.D.Pa. 2008). However, Merritt's objection to the Proof of Claim raised the issue of the validity of the state court judgment, and PNC's authority to act for

the owner of the mortgage. In a similar situation, the debtor's objection to the loan servicers proof of claim was sustained as to the identity of the creditor, and the actual owner of the mortgage was given fifteen days to amend the proof of claim. *In re Brooks*, 2008 Bankr.LEXIS 621 (Bankr. E.D.Pa. Feb. 13, 2008). Thereafter, the *Brooks* court noted that, under Rule 3002, in these circumstances, the amended proof of claim would timely relate back. The *Brooks* court subsequently sustained the debtor's objection to the proof of claim, because the creditor was unable to base its proof of claim on the mortgage, which merged into the foreclosure judgment under state law and was no longer in existence, and the creditor failed to show that the obligation was secured by a valid security interest. *Id.*

Here, PNC, as did the creditor in *Brooks*, failed to meet its "ultimate burden of persuasion" with regard to the Proof of Claim (R. 552) due to the fact that its claim is based on the National City Mortgage, which had previously been extinguished, according to the doctrine of merger, upon the entry of the state court Judgment. Thus, here, as in *Brooks*, the objection to the Proof of Claim should have been sustained. The Court erred in Overruling the Objection.

## VII.  CONCLUSION

For the reasons stated herein Merritt respectfully requests that this Honorable Court grant the following relief: I) vacate the Bankruptcy Court's order overruling her objection to PNC's Proof of Claim; II) sustain the Objection to Claim with prejudice; or III) in the alternative, vacate the order overruling the Objection to Claim and grant Merritt discovery and evidentiary hearing as to Freddie Mac's purchase of the Note and Mortgage; and IV) grant any relief this Court deems just and equitable.[5]

Respectfully submitted:

/s/ Eugene J. Malady
Eugene J. Malady, Esquire
211 N. Olive Street, Suite 1
Media, PA 19063
(610) 565-5000

Attorney for Appellant
Linda Merritt

---

[5]    After filing this appeal, Merritt entered into a stipulation with PNC to make adequate protection payments to PNC during the appeal.  Merritt has made all payments during this appeal and is prepared to make additional payments in the event of remand for further evidentiary hearings.

## **CERTIFICATE OF COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE**

In compliance with Fed.R.App.P. 28.3(d), Eugene J. Malady is a member of the bar of the United States Court of Appeals for the Third Circuit. In compliance with Fed.R.App.P. 32(a)(7), this brief contains 6,683 words and is prepared in Word using Times New Roman font.  This brief was scanned for virus using McAfee Security Center, and no viruses were detected.  The electronic and hard copies of this brief are identical.

/s/ Eugene J. Malady

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 4, 2017, I served true and correct copies of the foregoing brief of appellant Linda Merritt upon the following persons via ECF and first-class mail:

Matthew G. Summers, Esquire
Ballard Spahr, LLP
919 N. Market Street, 11th Floor
Wilmington, DE  19801-3034

/s/ Eugene J. Malady
Eugene J. Malady