**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

_____

**NO. 16-1864**

_____

**IN RE LINDA MERRITT**

_____

**Appeal From Order In The United States District Court For The Eastern District Of Pennsylvania, No. 15-04282, Affirming Order Entered in the United States Bankruptcy Court for the Eastern District of Pennsylvania, No. 11-18134**

_____

**ADDENDUM TO APPENDIX TO OPENING BRIEF OF APPELLANT LINDA MERRITT**

_____

Eugene J. Malady, Esquire
EUGENE J. MALADY, LLC
211 N. Olive Street, Suite 1
Media, PA  19063
610 565-5000 (telephone)
610 565-1201 (facsimile)
emalady@ejmcounselors.com

_Attorney for Debtor-Appellant,_
_Linda Merritt_

| | | | |
|---|---|---|---|
| | | Appellant's notice of appeal to Third Circuit | R. 251 |
| | | District Court's memorandum and order dated March 15, 2016 | R. 253 |
| | | Bankruptcy Court's order dated July 22, 2014 denying Appellant's motion for reconsideration from order dated December 12, 2014 dismissing adversary complaint against PNC | R. 265 |
| | | Bankruptcy Court's order dated December 12, 2014 dismissing Appellant's adversary complaint against PNC | R. 278 |
| | | Memorandum and order of Eastern District of Pennsylvania dated March 16, 2016 | R. 285 |
| | | District Court docket entries | R. 294 |

Docket No. 16-1864

## United States Court of Appeals
## for the Third Circuit

_____

LINDA MERRITT,

*Debtor/Plaintiff-Appellant*

v.

PNC BANK N.A.

*Defendants/Appellee*

_____

On Appeal From the United States District Court for the
Eastern District of Pennsylvania
Sat Below:  Hon. Gerald J. Pappert, U.S.D.J.

## ADDENDUM TO APPENDIX

**Eugene J. Malady, Esquire**
**211-213 North Olive Street**
**Media, PA 19063**
**Telephone: (610) 565-5000**

*Attorney for Debtor-Plaintiff/Appellant*
*Linda Merritt*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| **LINDA MERRITT** | : | **CHAPTER 13** |
| **Debtor** | : | **CASE NO. 11-18134** |

---------------------------------------------------

| | | |
|---|---|---|
| **LINDA MERRITT** | : | **CIVIL ACTION NO.** |
| **Appellant** | : | **15-04282** |
| | : | |
| **v.** | : | |
| | : | |
| **PNC BANK, NA** | : | |
| **Appellee** | : | |

---

## NOTICE OF APPEAL

Notice is hereby given that debtor/appellant, Linda Merritt, appeals to the United States Court of Appeals for the Third Circuit from the Order (Doc No. 20) and Memorandum (Doc. No. 19) entered by the District Court of March 15, 2016 affirming the Bankruptcy Court's Order of July 22, 2015 (Doc. No. 348) Denying Debtor's Motion for Reconsideration (Doc. No. 341).


_/s/ Eugene J. Malady_____

Eugene J. Malady, Esquire
211 N. Olive Street, Suite 1
Media, PA 19063
(610) 565-5000

Date: __4/5/2016__

Attorney for appellant
Linda Merritt

## <u>CERTIFICATE OF SERVICE</u>

I, Eugene J. Malady, Esquire, herby certifies that the foregoing Notice of Appeal
was served on all parties on the Court's ECF system via Electronic Notice.


_/s/  Eugene J. Malady_____
Eugene J. Malady

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE LINDA MERRITT**<br><br>*Debtor* | **CHAPTER 13**<br>**CASE NO. 11-18134** |
| **LINDA MERRITT**<br><br>*Appellant*<br><br>v.<br><br>**PNC Bank, National Association,**<br><br>*Appellee* | **CIVIL ACTIONS**<br>**NO. 15-04282**<br>**NO. 15-04937** |
| **LINDA MERRITT**<br><br>*Appellant*<br><br>v.<br><br>**PNC Bank, National Association,**<br><br>*Appellee* | |

**PAPPERT, J.**                                                       **MARCH 15, 2016**

## MEMORANDUM

Before the Court are two appeals from the United States Bankruptcy Court for the Eastern District of Pennsylvania, both involving Appellant Linda Merritt ("Merritt") and Appellee PNC Bank, National Association ("PNC"). After Merritt defaulted on her mortgage held by PNC and filed for Chapter 13 bankruptcy protection, PNC filed a proof of claim in the bankruptcy proceeding. Merritt asserted that PNC did not have standing to file a proof of claim because it was not the owner of the mortgage loan. She also sought to modify the terms of the loan in bankruptcy such that the value of PNC's claim was reduced to the value of her house.

The Bankruptcy Court found in favor of PNC on both of those claims: it held that PNC had standing to file a proof of claim (the "Claim Objection Order") and that Merritt could not "cram-down" her outstanding mortgage to the value of her home (the "Cram-Down Order"). Merritt sought reconsideration of those two decisions, which the Bankruptcy Court denied. She now appeals the decisions denying her two motions for reconsideration. She contends that the Bankruptcy Court abused its discretion by: (1) incorrectly granting PNC standing to file its proof of claim; and (2) not allowing her to "cram-down" the mortgage on her home. PNC contends that the Bankruptcy Court came to the correct conclusion on both the proof of claim and "cram-down" issue. For the reasons discussed below, the Court affirms the order denying reconsideration of the Bankruptcy Court's Claim Objection Order and Cram-Down Order.

## I.

Merritt owns improved residential real property located at 699 West Glen Rose Road, Coatesville, PA 19320 (the "Property"), which she uses as her primary residence. (R-368.)[1] In approximately October 2004, Merritt contacted National City Mortgage Company ("National City") and initiated the process for refinancing a then-existing mortgage loan secured by the Property. (*See* Appellee's Brief at 3, No. 15-cv-04937, ECF No. 8.) On November 5, 2004, she executed and submitted to National City a Uniform Residential Loan Application (the "Loan Application"), on which she stated that the Property was her "Primary Residence." (R-397 § II.) She also stated that her mailing address was the Property's address and that she was not receiving any rental income from the Property. (R-398 §§ III, V.)

On November 24, 2004, National City approved the Loan Application. (R-413–15.) Merritt delivered a note (the "Note") payable to National City and a mortgage (the "Mortgage,"

---

[1]     The pages in the Appendix to the Record in Case No. 15-cv-04937 are labeled with a prefix of "R-." For ease of reference, the Court maintains this numbering scheme when citing to the Record.

collectively with the Note, the "Mortgage Loan") granting it a lien against the Property. (R-413–33.) The Mortgage stated that Merritt agreed to "occupy, establish, and use the Property as [her] principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as [her] principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing . . . or unless extenuating circumstances exist which are beyond [Merritt's] control." (R-424 at § 6.) Section 8 of the Mortgage stated that an event of default occurs if Merritt provided "materially false, misleading, or inaccurate information or statements to PNC . . . in connection with the Loan," which was defined to include "representations concerning [Merritt's] occupancy of the Property as [her] principal residence." (R-418.) The Mortgage did not contain a "Second Home," "1-4 Family" or "Other" rider. (R-418.)

PNC became the successor-in-interest to the Mortgage after it acquired National City in 2008 and is the current servicer of the Mortgage. (R-360, 479.)

**A. State Foreclosure Litigation and Bankruptcy Litigation**

On May 11, 2010, after Merritt defaulted on a series of payments on the Mortgage Loan, PNC commenced a foreclosure proceeding (the "Foreclosure Action") against Merritt in the Chester County Court of Common Pleas. (R-27.) PNC stated in its complaint that it is "the legal holder of the Mortgage that is the subject of this action." (C.R. 187.)[2] The state court entered a default judgment in PNC's favor after Merritt failed to respond to the complaint. (R-28.)

Merritt then filed a "Petition to Open Judgment and Answer and New Matter Counterclaim" (the "Petition to Open Judgment") asserting, among other things, that PNC failed to produce any evidence that it was the holder of the Note and Mortgage. (C.R. 6–14.) On

---

[2] Citations to "C.R." are to PNC's Counter-Record submitted in connection with its response brief in Case No. 15-cv-04282.

October 28, 2010, the state court denied the Petition to Open Judgment.  (C.R. 5.)  Merritt

appealed that decision, which the Superior Court of Pennsylvania dismissed on January 10, 2011,

due to her failure to prosecute the appeal.  (C.R. 165, 180.)

On October 10, 2011, Merritt filed a voluntary petition for Chapter 13 bankruptcy (the

"Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of

Pennsylvania (the "Bankruptcy Court").  *See In re Linda Merritt*, No. 11-18134 (Bankr. E.D. Pa.

filed Oct. 11, 2011).  On November 14, 2011, PNC filed a proof of claim (the "Proof of Claim")

in the Bankruptcy Case asserting a claim for $358,866.71 secured by the Property.  (R-1285–

1313.)  The Proof of Claim stated that the Mortgage Loan was $86,790.27 in arrears as of the

date of Merritt's bankruptcy filing and attached a copy of the Note and Mortgage.  PNC redacted

certain personal information on the Note and Mortgage, including the Freddie Mac loan

identifier.  (C.R. 118, 135.)  The Note states that it is payable to National City and the Mortgage

identifies National City as the lender.  (C.R. 118–38.)  PNC did not redact from the Note and

Mortgage a label stating that the form used for each is the "Fannie Mae/Freddie Mac Uniform

Instrument."  (C.R. 118, 135.)

On September 25, 2012, PNC filed a motion for relief from the automatic stay as a result

of Merritt's failure to make post-petition payments due under the Mortgage Loan (the "Lift Stay

Motion").  (R-4–9.)  In her response, Merritt claimed that PNC lacked standing as a "true

creditor" due to PNC's disclosure that Freddie Mac was the investor in the Mortgage Loan.  (R-

10–25.)  On November 29, 2012, Merritt filed a complaint against PNC in the Bankruptcy Case,

asserting against PNC claims of fraud, abuse of process, and violations of the Real Estate

Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA").  (C.R. 140–59.)  She claimed

that PNC lacked standing to prosecute the Foreclosure Action because it was not the owner of the

Note and Mortgage and that PNC had misrepresented its status as owner of those instruments to the state court. (R-150–58.) She premised her RESPA violation on PNC's alleged failure to inform Merritt that the servicer of the Mortgage Loan changed after PNC acquired National City. (C.R. 140–59.)

PNC moved to dismiss the complaint on the grounds that it had only represented it was the holder of the Note and Mortgage in the Foreclosure Action and not that it was the owner of the Mortgage Loan. (C.R. 171–72.) On March 25, 2013, the Bankruptcy Court dismissed all of Merritt's claims in the Adversary Proceeding: it dismissed her fraud and RESPA claims with prejudice but granted her leave to amend her abuse of process claim. (C.R. 181.) On July 2, 2013, Merritt filed an amended complaint reasserting her abuse of process claim. (C.R. 182–93.) She premised that claim on the allegation that PNC misrepresented itself as the "holder" of the Mortgage Loan in the Foreclosure Action and Bankruptcy Case even though Freddie Mac was, in fact, the investor/owner. (C.R. 182–93.) After briefing on the issue, the Bankruptcy Court dismissed Merritt's amended complaint with prejudice on December 12, 2014. (C.R. 194–200.) It held that Merritt had not pled a viable claim for abuse of process because the Bankruptcy Court had previously dismissed with prejudice Merritt's claims that PNC mispresented its status in the Foreclosure Action. (C.R. 198 n.5.)

Merritt twice requested reconsideration of the Bankruptcy Court's dismissal of Adversary Proceeding, which the Bankruptcy Court denied on December 22, 2013, and January 5, 2015. (C.R. 207, 239.) Merritt did not appeal from the Bankruptcy Court's dismissal of her claims or its denial of her motions for reconsideration.

### B. The Claim Objection and Cram Down Motion

On January 7, 2015, Merritt filed a cross-motion to PNC's Lift Stay Motion in which she sought a determination of the value of the Property and to "cram-down" PNC's secured claim to the value of the Property (the "Cram-Down Motion"). (R-357–62.) Merritt contended that the Mortgage Loan could be crammed-down to the fair market value of the property pursuant to 11 U.S.C. § 1322(b) because: (1) she rented a single room of the Property; (2) the Property was not her "domicile;" and (3) the Mortgage Loan was eligible for modification under Freddie Mac's post-foreclosure sale buy-back initiative. (R-359–60; R-479–81.)

She also filed an objection to PNC's Proof of Claim (the "Claim Objection) on February 17, 2015, despite the Bankruptcy Court's ruling in the Adversary Proceeding dismissing her assertions that PNC lacked standing. Merritt argued that PNC lacked standing to file the Proof of Claim because it was not the "owner" of the Note and Mortgage, though she recognized that "PNC admittedly is the mortgage servicer." (C.R. 256.) She also alleged that PNC's redaction of the Freddie Mac loan identifier was an attempt to hide Freddie Mac's involvement as an investor in the Mortgage Loan and was a "fraud" on the Bankruptcy Court. (C.R. 252–57.) PNC responded that Merritt's Claim Objection was an improper attempt to relitigate matters already decided in both the Foreclosure Action and Adversary Proceeding and therefore barred by the *Rooker-Feldman* doctrine and *res judicata*. (C.R. 1–4, 160–81.)

On June 16, 2015, the Bankruptcy Court held a hearing on both Merritt's Claim Objection and Cram-Down Motion. (C.R. 73–110.) At the hearing, Merritt stated that the sole basis for her Claim Objection was that PNC was not the "owner" of the Note and Mortgage. (C.R. 82–83.) The Bankruptcy Court denied the Claim Objection and issued the Claim Objection Order, finding that PNC's status as servicer of the Mortgage Loan was sufficient to

confer standing to file the Proof of Claim.  (*Id.*)  It also found that it was not "deceived" by PNC's redaction of Freddie Mac's loan identifier on the Proof of the Claim: "Your argument that there was a fraud perpetrated on the Court doesn't stand because I wasn't – if for no other reason, I wasn't deceived, which is a requirement for that."  (R-1329–32.)

The Bankruptcy Court then heard argument and testimony on the Cram-Down Motion.  It denied the Cram-Down Motion on the record because PNC's sole collateral was the Property and Merritt stated in her Loan Application and Mortgage that the Property was her principal residence.  (R-13, 54–58.)  The Bankruptcy Court denied the Cram Down Motion and issued the Cram-Down Order on June 23, 2015.  (R-717–18.)

### C.  Merritt's Motions for Reconsideration and Appeal

Merritt filed a motion for reconsideration of the Claim Objection Order, which the Bankruptcy Court denied on July 22, 2015.  (C.R. 262–72.)  On August 4, 2015, Merritt filed a notice of appeal of the Bankruptcy Court's Order denying her motion for reconsideration (the "Claim Objection Appeal"), though she did not appeal the underlying Claim Objection Order.[3] (C.R. 274.)

On July 8, 2015, fifteen days after the entry of the Cram-Down Order, Merritt filed a motion for reconsideration of that Order.  (R-826–36.)  On August 18, 2015, the Bankruptcy Court denied the motion to reconsider, stating that it was untimely under the 14-day time limit of Bankruptcy Rule 9023 and that, even if considered on the merits, it did not establish any grounds for reconsideration.  (R-1272–84.)  On August 23, 2015, Merritt filed a notice of appeal of the Bankruptcy Court's Order denying her motion for reconsideration (the "Cram-Down Appeal"),

---

[3]     The text of Merritt's Notice of Appeal unequivocally states that she is appealing the Bankruptcy Court's Order denying her motion for reconsideration of the Claim Objection Order, not the Claim Objection Order itself. Specifically, it states that she is appealing the "order . . . entered in this matter on July 22, 2015 denying Debtor's Motion for Reconsideration of the Order Overruling the Objection of the Debtor to PNC Bank, N.A.'s Proof of Claim [ ] of the Court's Order entered on June 16, 2015 [ ]."  (No. 15-cv-04282, ECF No. 1.)

though she did not appeal the Cram-Down Order itself.[4]  Before the Court are Merritt's Claim

Objection Appeal and Cram-Down Appeal.

## II.

The Court has jurisdiction over Merritt's appeals under 28 U.S.C. Sections 158(a)(1) and

1334.  The Bankruptcy Court's decisions to deny Merritt's motions to reconsider the Claim

Objection and Cram-Down Motion are reviewed for abuse of discretion.  *See In re Olick*, 311 F.

App'x 529, 531 (3d Cir. 2008) (citing *McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d

Cir. 2005)).  Judicial discretion is abused only when the court acts in an arbitrary, fanciful or

unreasonable manner or where it uses improper legal standards, criteria or procedures.  *See*

*Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 167 (3d Cir. 2001); *see also McDowell*,

423 F.3d at 238 ("An abuse of discretion may occur as a result of an errant conclusion of law, an

improper application of law to fact, or a clearly erroneous finding of fact.").[5]

## III.

The determinative issue regarding the Claim Objection is whether PNC has standing to

file the Proof of Claim.  Courts often analyze that issue in the context of three actors in the

---

[4]       Similar to her appeal of the motion for reconsideration of the Claim Objection Order, Merritt's notice of appeal states that she appeals the Bankruptcy Court's denial of her motion for reconsideration of the Cram-Down Order, not the Cram-Down Order itself.  Her Notice of Appeal states that she appeals the "order . . . entered in this matter on August 18, 2015 [ ] denying Debtor's Motion for Reconsideration of the Order Overruling the Debtor's Cross Motion [ ] of the Court's Order entered on June 23, 2015 [ ]."  (No. 15-cv-04937, ECF No. 1.)

[5]       Had Merritt appealed the Claim Objection Order and the Cram-Down Order—and not the Bankruptcy Court's denial of her motions to reconsider those Orders—the Court would review the Bankruptcy Court's legal determinations de novo and its factual findings for clear error in those Orders.  *See In re Martin's Aquarium, Inc.*, 98 F. App'x 911, 913 (3d Cir. 2004).  Merritt's appeals of only the motions for reconsideration, however, require her to demonstrate that the Bankruptcy Court abused its discretion in denying those motions.  *See In re Olick*, 311 F. App'x at 531.  In any event, the standard of review is not determinative of the outcome: for the reasons discussed *infra*, the Court affirms the Bankruptcy Court's Claim Objection Order and Cram-Down Order even if considered on the merits.

mortgage lending process: the loan owner, holder and servicer.[6]  Merritt contests PNC's standing

to file the Proof of Claim, arguing that she "has presented evidence that Freddie Mac and not

PNC is the owner/holder of the subject mortgage."  (Appellant's Brief at 27, No. 15-cv-04282,

ECF No. 7.)  Merritt's is wrong:  PNC is in fact the holder of the Note; further, whether or not

PNC owns the Note is irrelevant to its standing to file a Proof of Claim.  *See In re Walker*, 466

B.R. 271 (Bankr. E.D. Pa. 2012) (recognizing a distinction between the owner of a Note and who

is entitled to enforce it); *see also In PHH Mortg. Corp. 2001 Bishop's Gate Blvd. v. Powell*, 100

A.3d 611, 621 (Pa. Super. 2014) ("Evidence that some other entity may be the 'owner' or an

'investor' in the Note is not relevant to th[e] determination, as the entity with the right to enforce

the Note may well not be the entity entitled to receive the economic benefits from payments

received thereon.") (interpreting the Pennsylvania Uniform Commercial Code).  Merritt's focus

on Freddie Mac's status as the "owner" is thus irrelevant to whether PNC has standing to file the

Proof of Claim.  The relevant inquiry is instead whether PNC is the servicer and/or holder of the

Note, which would give it standing to file the Proof of Claim.  *In re Alcide*, 450 B.R. at 537 n.22

("In the proof of claim context, the authority of a servicer to file a proof of claim is expressly

authorized by the rules of court.") (citing Fed. R. Bankr. P. 3001(b)).  Here, PNC is both the

holder and servicer.

Merritt acknowledges that PNC is the servicer.  (C.R. 256; Appellant's Brief at 25–26,

No. 15-cv-04937, ECF No. 7) ("PNC admittedly is the mortgage servicer.")  PNC is also the

holder of the Note by virtue of its acquisition of the original holder, National City.  *See VFC*

*Partners 25 LLC v. Scranton Ctr. Holdings LP*, 541 F. App'x 206, 207 (3d Cir. 2013) (holding

---

[6]         "A 'holder' is defined as the person in possession of a negotiable instrument that is payable either to the
bearer or to an identified person that is the person in possession."  *Hoffman v. Wells Fargo Bank, N.A.*, No. 13-cv-
5700, 2015 WL 3755207, at *3 (E.D. Pa. June 16, 2015).  A "servicer" is defined by 12 U.S.C. § 2605(i)(2) as a
person responsible "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan."

that after a merger between Bank of America and LaSalle Bank, Bank of America had standing in a foreclosure action because "by way of a merger, Bank of America succeeded to LaSalle's rights as assignee pursuant to the National Bank Act.") (citing 12 U.S.C. § 215(e)). Thus, even though Freddie Mac is the owner of the Note—a fact which Merritt mistakenly believes is dispositive—PNC has standing to enforce the Proof of Claim as the holder and servicer. *See In re Alcide*, 450 B.R. 526, 537 (Bankr. E.D. Pa. 2011) (collecting cases) ("A number of courts have upheld the authority of a mortgage loan servicer to file a proof of claim on behalf of the mortgage holder.").[7]

Merritt also claims that the redaction of Freddie Mac's name was "designed to deceive the Court that the actual owner of the Note and Mortgage was Freddie Mac." (Appellant's Brief at 10, No. 15-cv-04282, ECF No. 7.) This assertion—which focuses on representations made about the *owner* of the Note and Mortgage—is not only irrelevant to whether PNC has standing but also without merit. To show that PNC committed a fraud on the Court, Merritt must show: "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). Aside from whether PNC perpetrated an intentional fraud, which appears unlikely given that it was presumably attempting to comply with the redaction protocol articulated in Bankruptcy Rule 9037,[8] the Bankruptcy Court stated that it had not been deceived. (C.R. 81–82.) The Court cannot now find on appeal that the Bankruptcy Court erred in stating what only it could know— whether or not it was misled.

---

[7]    Since PNC has standing to file a Proof of Claim as the holder and servicer of the Note, it is unnecessary to evaluate its assertion that Merritt's Claim Objection is barred by the *Rooker-Feldman* doctrine and *res judicata*. (*See* Appellee Brief at 12–16, No. 15-cv-04282, ECF No. 7.)

[8]    Rule 9037 states that when filing a document, a party must redact certain personal identification items such as an individual's social security number, taxpayer identification number and financial-account number.

## IV.

The Bankruptcy Court did not abuse its discretion in denying Merritt's motion for reconsideration of the Cram-Down Order. It correctly determined that the Mortgage Loan was not subject to cram-down, and there was therefore no basis on which to reconsider the Cram-Down Order. Further, it correctly determined that Merritt's request for reconsideration was untimely and that she had not presented new evidence, change in law, or a manifest injustice.

The "normal rule" in bankruptcy is that, to the extent a claim exceeds the value of collateral on which it has a lien, the claim may be "crammed down" to the value of the collateral. *See In re Scarborough*, 461 F.3d 406, 409–10 (3d Cir. 2006). Section 1322(b)(2) of the Bankruptcy Code "carves out an exception to this general rule[]" for a Chapter 13 debtor by providing that it does *not* apply to a "claim secured only by a security interest in real property that is the debtor's principal residence." *Id.* Thus, a Chapter 13 debtor may not modify the rights of a creditor with a security interest in his primary residence. *See id.* In *Scarborough*, the Third Circuit Court of Appeals stated that the "critical moment" in determining whether property is a "principal residence" within the meaning of the exception is "when the creditor takes a security interest in the collateral." 461 F.3d at 412. "It is at that point in time that the underwriting decision is made and it is therefore at that point in time that the lender must know whether the loan it is making may be subject to modification in a Chapter 13 proceeding at some later date." *Id.* (internal citation and quotation marks omitted).

Merritt's argument in favor of her Cram-Down Motion is that the Property is not her primary residence because she currently rents a room in the Property and considers her "homestead" to be in Florida. (R-360.) Under *Scarborough*, however, the relevant inquiry is not whether she now rents part of the property or considers her homestead to be elsewhere, but what

representations she made to National City at the "critical moment" she executed the Mortgage

Loan.  461 F.3d at 412.  At that time, Merritt stated that she would use the Property as her

"primary residence" and did not disclose any rental income in the Loan Application.  (R-397.)

She did not disclose any anticipated rental income or include a rider that the Property would be

used as a rental property or second home.  (R-397–99; 417–33.)  The Mortgage she executed

provides that Merritt is to "occupy, establish, and use the Property as [her] principal residence."

(R-424.)  National City did not purport to take any security interest in any rental income or other

payments derived from the Property.  It took a security interest only in the Property, her

"principal residence."  Accordingly, the Mortgage Loan is not subject to modification under

Section 1322(b)(2), and pursuant to the Third Circuit's ruling in *Scarborough*, the Bankruptcy

Court correctly denied Merritt's Cram Down Motion and her motion to reconsider the Cram

Down Motion.[9]

   The Bankruptcy Court's decisions are affirmed.

          BY THE COURT:


          */s/ Gerald J. Pappert*
          GERALD J. PAPPERT, J.

---

[9] Since the Bankruptcy Court accurately applied the *Scarborough* ruling to deny the Cram-Down Motion, the Court need not address the contentions regarding whether the Bankruptcy Court abused its discretion in finding the motion for reconsideration untimely pursuant to Bankruptcy Rule 9023.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :    **Chapter 13**

**Linda Merritt,**                             :

                        **Debtor.**            :    **Case No. 11-18134 (JKF)**

_____

## ORDER DENYING MOTION FOR RECONSIDERATION

This 22nd day of July, 2015, upon consideration of the Debtor Linda Merritt's

Motion for Reconsideration of the Order Overruling the Objection of the Debtor to PNC

Bank, N.A. ("PNC")'s Proof of Claim (doc. no. 331, the "Motion for Reconsideration" or

the "Motion");

***Procedural and Factual Background***

    **AND** the Debtor having filed for Chapter 13 bankruptcy protection on October 21,

2011;

    **AND** on November 14, 2011, PNC having filed a secure proof of claim number

four in the amount of $358,866.71 (the "Proof of Claim").  The Proof of Claim is secured

by property located at 699 West Glenrose Rd. in Coatsville, PA (the "Property");

    **AND** PNC having attached to the Proof of Claim two supporting documents: (1) a

mortgage on the Property taken by the Debtor (the "Mortgage").  The original lender on

the Mortgage is National City Mortgage Co. ("National City") and the Mortgage notes

that it is a Fannie Mae/Freddie Mac "UNIFORM INSTRUMENT." Mortgage at 1; and

(2) a note (the "Note"), stating that the lender is National City and that the Note is a

Fannie Mae/Freddie Mac "UNIFORM INSTRUMENT." Note at 1;

**AND** the Debtor having filed an objection to the Proof of Claim on February 17,

2015 (the "Claim Objection," doc. no. 292).  The Claim Objection attaches a "record"

from Freddie Mac stating that "(o)ur records show that Freddie Mac is the owner of your

mortgage and it was acquired on January 19, 2005"  (the "Record," doc. 292-2).  The

Record contains no name, address, mortgage, note, loan or other identifying

information;

**AND** PNC having filed a response to the Claim Objection on March 5, 2015 (the

"Response," doc. no. 294).  According to the Response and attached exhibits, PNC is a

successor merger to National City and, therefore, is the holder of the Note and

Mortgage.  Response at 1-2; Exhibit 2 (the "Merger"). PNC further states that Freddie

Mac is the loan investor, not its owner. Response at 2;

**AND** The Debtor having filed a reply to the Response on March 24, 2015 (the

"Reply," doc. no. 295);

**AND** on April 16, 2015, PNC having filed an amended response to the Claim

Objection (the "Amended Response," doc. no. 304);[1]

---

[1] Because the Court finds no merit either to the Debtor's initial arguments or to those asserted in
(continued...)

**AND** the Debtor having filed an Opposition to the Amended Response on

April 29, 2015 (the "Amended Opposition," doc. no. 308);

**AND** a hearing on the Proof of Claim and related pleadings having been held on

June 16, 2015 (the "Hearing");[2]

**AND** following the Hearing, the Court having entered an Order finding that the

"Objection to Claim of Linda Merritt . . . is overruled with prejudice." (the "Order," doc.

no. 322);

**AND** the Debtor having filed the Motion on June 30, 2015.  Doc. no. 331;

**AND** PNC having responded to the Motion on July 8, 2015.  Doc. no. 340;

**AND** the Debtor having filed a reply in support of its Motion on July 21, 2015.

Doc. no.347 (the "Final Pleading");[3]

*The Hearing*

**AND** at the Hearing, the Debtor's counsel conceding that PNC is a servicer of

the mortgage.  Transcript of the Hearing ("Tr," doc. no. 330) at 8;

---

[1](...continued)
its Motion for Reconsideration, PNC's discussions of *res judicata*  the *Rooker Feldman* doctrine -
presented in the Amended Response as alternative arguments - will not be addressed.

[2] The Hearing was consolidated with a motion by the Debtor "Pursuant to Federal Rule of
Bankruptcy Procedure 3012 and Section 506 for Value of the Claim Asserted by PNC Bank N.A. Motion. .
." (Doc. no. 279) (a motion to cramdown the value of the Property).

[3] The Final Pleading indicates the Debtor's misunderstanding with regard to the burden on a
motion for reconsideration.  Contrary to the Debtor's assertion, it is not up to PNC to refute arguments or
offer evidence at this point.  See e.g. Final Pleading at 1-3. Rather "[t]he burden [is] on the moving party is
quite high and reconsideration is granted very sparingly. . .  A motion seeking reconsideration may not be
used by a party to restate arguments that the court has already considered." Simoni v. Diamond, 2015 WL
1817099, at *2-3 (D.N.J. Apr. 22, 2015) (internal quotations and citations omitted).

**AND** the following colloquy having taken place between the Court and counsel at

the Hearing:

THE COURT: Looking for a smoking gun just because there was a redaction

doesn't do you any good.  Now, if you think there's sanctionable behavior on their part,

you can bring another form of action, but it ain't going to get you out of the proof of

claim.

MR. PENN: Right. Well, that was the argument, Your Honor, and if the Court

doesn't accept that that conduct and those documents were misleading and

intentionally misleading and never corrected, then obviously I have to abide by what the

Court finds.

THE COURT: okay. Do you have any other argument with regard to the proof of

claim form?

MR PENN: No, Your Honor.

. . .

MS. LABLETTA: No, I wasn't.  Your Honor, but I just wanted to clarify the record

since a personal affront was made to the Urden Law Firm, and that is that to comply

with Rule 9037 Bankruptcy Rule, personal identifiers must be redacted.  That includes

the Freddie Mac number.  So that's short and sweet Your Honor.  That's all I have to

say.

THE COURT: I'm happy to hear that and glad to take that information and as a
result, I'm going to deny the debtor's objection to the claim.

Tr. at 8-11.

### *The Debtor's Position Prior to the Motion*

**AND** the Debtor asserting that because Freddie Mac is the owner and holder of
the Mortgage, PNC lacks standing to file the Proof of Claim.  See Claim Objection at 2-
4; Reply at 5, 7; Amended Opposition at 6;

**AND** the Debtor claiming, in its Response, that PNC committed a fraud upon the
Court by redacting account numbers from the attached Note and Mortgage in order to
bolster its position that Freddie Mac is not the actual owner of these critical documents.
See e.g. Reply at 5; Amended Opposition at 6;

**BUT** the Debtor having admitted that PNC is the servicer of the mortgage.  See
Claim Objection at 2,5; Amended Opposition at 5; Tr. at 8;

### *The Debtor's Position as Expressed in the Motion*

**AND** the Debtor asserting in the Motion that the Court's Order constituted a
"manifest injustice and error of law."  Motion at 2;

**AND** the arguments presented in the Motion being substantially the same as
those presented prior to the Hearing, namely:

5

(1) that the Court was deceived by PNC's redaction of information

presented in the Exhibits to its Response.  This deception allegedly

constituted a fraud upon the Court.  See e.g. Motion at 2; and;

(2) that Freddie Mac, not PNC, owns the Mortgage and, therefore, that

PNC lacks standing to file the Proof of Claim.  See e.g. Motion at 6, 10;

### Standard on a Proof of Claim

**AND** a proof of claim being "allowed, unless a party in interest . . . objects."

11 U.S.C. § 502(a).[4]  If a creditor's proof of claim "'alleges facts sufficient to support a

legal liability to the claimant' then the proof of claim is *prima facie* valid."  In re Bennett,

528 B.R. 273, 282 (Bankr. E.D. Pa. 2015) (quoting In re Alleghany, Int'l, Inc., 954 F.2d

167, 173 (3d Cir. 1992));

**AND** once a claim having been deemed *prima facie* valid, then the objecting

party has the burden of producing evidence to refute the claim . . . That evidence, if

believed, must refute at least one of the allegations that is essential to the claim's legal

sufficiency . . . If the objector meets that burden of production, the claimant must

produce evidence to prove the validity of the claim . . . Because the ultimate burden of

persuasion is always on the claimant." In re Umstead, 490 B.R. 186, 192 (Bankr. E.D.

Pa. 2013 ) (internal citations and quotations omitted);

---

[4] See also Bankruptcy Rule 3001(f).

6

**AND** an objector to a claim being expected to generate its own evidence directly by "rebutting the validity of the charges claimed *or* by demonstrating that the claimant has not responded to *formal or informal* requests for documentation or other evidence supporting the amount, reasonableness or other factors relevant to the validity of the charges at issue. . ." In re Smith, 463 B.R. 756, 767 (Bankr. E.D. Pa. 2012) (citation and internal quotation omitted) (emphasis in original);

### *Standard for Showing Fraud on the Court*

**AND** in order to meet the "necessarily demanding standard" for proof of fraud upon the court, there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." Herring v. U.S., 424 F.3d 384, 386 (3d Cir. 2005) (further noting that "a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself and that it must be supported by clear, unequivocal and convincing evidence.") (internal quotation and citation omitted);

**AND** fraud on the court being an "extraordinary remedy" appropriate for missteps such as "bribery of a judge or fabrication of evidence by counsel . . . Mere perjury of a witness is not enough to constitute fraud upon the court." U.S. v. Reynolds, 447 Fed. Appx. 298, at *300 (3d Cir. Oct. 13, 2011) (not precedential) (internal quotations and citations omitted); see also Clearone Communications, Inc. v. Chiang, 2009 WL

2170041, at *4 (D. Utah July 20, 2009) (refusing to find fraud on the court where

information from document was redacted);

### *Standard for Servicer to Have Standing to File Proof of Claim*

**AND** contrary to the suggestion of the Debtor,[5] Judge Frank having noted in

<u>Alcide</u>, 450 B.R. 526, 537 (Bankr. E.D. Pa. 2011) that many courts have "upheld the

authority of a mortgage loan servicer to file a proof of claim on behalf of the mortgage

holder." <u>See</u> <u>also</u> In re <u>In re Minbatiwalla</u>, 424 B.R. 104, 109 (Bankr. S.D.N.Y. 2010) ("a

servicer of a mortgage is clearly a creditor and has standing to file a proof of claim

against a debtor pursuant to its duties as servicer.") (citations omitted); <u>Greer v. O'Dell</u>,

305 F.3d 1297, 1302-3 (11th Cir. 2002) (same); <u>In re Daley</u>, 2015 WL 196509, at *4

(Bankr. S.D.N.Y. Jan. 14, 2015) (creditor whom debtor admitted was servicer "clearly

had standing" to file proof of claim);

**AND** <u>Alcide</u> further noting that Bankruptcy Rule 3001(b) supports this conclusion

("authorizing a proof of claim to be filed by the creditor's "authorized agent"). 450 B.R.

at 537 n.22;

### *Standard on a Motion for Reconsideration*

**AND** a motion to reconsider pursuant to Federal Rule 59(e)[6] being appropriate

where the moving party demonstrates one of the three following grounds: "(1) an

---

[5] The language quoted by the Debtor from <u>In re Alcide</u>, 450 B.R. 526, 535 (Bankr. E.D. Pa. 2011) is taken from a discussion of the violation of the automatic stay. Motion at 9. Judge Frank distinguishes this law from that applying to a proof of claim– the situation in our case. <u>See</u> <u>Alcide</u> 450 B.R. at 537-8.

[6] Federal Rule 59(e) is made applicable to this proceeding via Bankruptcy Rule 9023.

intervening change in the controlling law; (2) the availability of new evidence that was

not available when the court granted the motion . . . ; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice."  <u>Blystone v. Horn</u>, 664 F.3d 397,

415 (3d Cir. 2011);

**AND** motions for reconsideration being granted sparingly, due to the fact that

litigants must overcome a "high burden" in demonstrating that the above standard is

met.  <u>ABS Brokerage Servs., LLC v. Penson Fin. Servs., Inc.</u>, 2010 WL 3257992, at *5

(D.N.J. Aug. 16, 2010); <u>see</u> <u>also</u> <u>Marshall v. Corbett</u>, 2014 WL 6901864, at *1 (W.D.

Pa. Dec. 5, 2014) ("The standard plaintiff must meet to prevail on a motion for

reconsideration is high." (<u>quoting</u> <u>Berry v. Jacobs IMC, LLC</u>, 99 F. App'x 405, 410 (3d

Cir. 2004);

**AND** it being improper to submit previously available evidence as a basis for a

motion for reconsideration.  <u>See</u> <u>e.g.</u> <u>Blystone v. Horn</u>, 664 F.3d at 415-16 (evidence

"that is not newly discovered . . . cannot provide the basis for a successful motion for

reconsideration."); <u>Egonmwan v. Cook County Sheriff's Dept.</u>, 602 F.3d 845, 852 (7th

Cir. 2010) ("motions under Rule 59(e) cannot be used to introduce evidence that could

have been presented earlier.");

### *Analysis of the Debtor's Arguments*

**AND** the Debtor having failed to make a persuasive showing that a fraud on the

court has taken place.  Contrary to the assertions of the Debtor  - that the redacted

information in the documents attached to the Response seek to hide from the Court the

role of Fannie Mae - the attached Note and Mortgage state on the first page of each

document "Fannie Mae/Freddie Mac/ UNIFORM INSTRUMENT." <u>See</u> Exhibits to doc.

294.  The Debtor has not made a plausible argument regarding the relevance of the

redacted account numbers. And the omission of this information certainly does not

meet the high standard for fraud on the court discussed above;[7]

    **AND** because the Proof of Claim stating facts sufficient to support a legal liability

to PNC,[8] the Proof of Claim is *prima facie* valid;

    **AND** the Debtor having failed to meet her burden of producing evidence to refute

the validity of any portion of the Proof of Claim.  The only piece of evidence she has

submitted is the Record.  Because the Record contains no identifying information, it is

not persuasive on any factual or legal point;

    **AND** the Court having determined that PNC has standing to bring the Proof of

Claim for two reasons: (1) PNC now owns the Mortgage.[9] <u>See</u> Merger (stating that PNC

is a successor to National City);[10] and (2) PNC is the servicer of the loan.  The Debtor

---

[7] Further, underacted copies of the Note and Mortgage were previously submitted by PNC with the Proof of Claim.  Thus, the Court had full knowledge of the loan information, provided by the creditor.

[8] The Proof of Claim states the breakdown of arrearage and attaches the Note and Mortgage.

[9] The Court's statement at the Hearing that "Fannie Mae, Freddie Mac was . . . in fact the original owner of the . . . notes" was a mere misstatement, was not a holding by the Court, and should not be read out of context to contradict the Court's above conclusion, discussion, and holding that *PNC* is the owner of the Mortgage and is, thus, entitled to take legal action to enforce its rights. Tr. at 10.

[10] Again, the Debtor has not refuted this. No evidence has been provided to support the Debtor's
(continued...)

admits this fact.  See Claim Objection at 2,5; Amended Opposition at 5; Tr. at 8; see also law cited above regarding standing of servicer to file claim objection;

AND the Debtor having failed to demonstrate a change in the law, new evidence, or the need to correct a clear error of law or fact and, thus, there being no basis to reconsider the Order;[11]

AND upon consideration of the factual and legal background, and for the reasons stated herein, it is hereby **ORDERED** that:

1. The Motion is **denied**.

2. The hearing on this matter, scheduled for August 19, 2015 at 9:30 a.m., is cancelled.

_____
HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

---

[10](...continued)
contention that the Mortgage is owned by Freddie Mac.

[11] Neither of the cases on which the Debtor relies is instructive.  While In re Deitch, 512 B.R. 878 (Bankr. E.D. Pa. 2014) granted a motion to reconsider with regard to a claim objection, it does not discuss fraud on the court or the standing of a mortgagee.  In re Brooks, 2008 WL 2993948 (Bankr. E.D.PA. July 31, 2008), sustains an objection to a proof of claim where a purported mortgagee lacks proof that it owns the mortgage; this is not the case here.

11

Copies to:

**Debtor**
Linda Merritt
699 West Glenrose Road
Coatsville, PA 19320

**Debtor's Counsel**
Barry F. Penn, Esquire
Law Offices of Barry F. Penn PC
1500 JKF Blvd., Suite 1850
Philadelphia, PA 19102

Eugene A. Camposano, Esquire
1250 Germantown Pike, Suite 205
Plymouth Meeting, PA 19462

Thomas D. Schneider, Esquire
55 Green Valley Rd.
Wallingford, PA 19086

**Respondent**
PNC Bank, N.A.
222 Delaware Ave.
Wilmington, DE 19801

**Respondent's Counsel**
Nicole LaBletta, Esquire
Udren Law Offices, P.C.
Woodcrest Corporate Center
111 Woodcrest Rd. Suite 200
Cherry Hill, NJ 08003-3620

Sarah Schindler-Williams, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

**Chapter 13 Trustee**
William C. Miller, Esquire
1234 Market St., Suite 1813
Philadelphia, PA 19107

**United States Trustee**
George Conway, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500

Philadelphia, PA 19107

12

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Linda Merritt aka Lyn Merritt | CHAPTER 13 |
| | CASE NO. 11-18134-JKF |

**ORDER**

**AND NOW,** this _16th_ day of _June_, 20_15_, upon Objection to Claim of Linda Merritt a/k/a Lyn Merritt and the Amended response of PNC Bank, National Association, it is

**ORDERED AND DECREED THAT:**

The Objection to Claim of Linda Merritt a/k/a Lyn Merritt is overruled with prejudice in its entirety.

_____
Bankruptcy Judge

cc.    Nicole LaBletta, Esquire
       UDREN LAW OFFICES, P.C.
       Woodcrest Corporate Center
       111 Woodcrest Road, Suite 200
       Cherry Hill, NJ  08003-3620

       William C. Miller, Trustee
       111 South Independence Mall, Ste. 583
       Philadelphia, PA 19106

       Eugene A. Camposano, Esquire
       115 W. Germantown Pike
       Suite 100
       Norristown, PA 19401

       Barry F. Penn
       Law Offices of Barry F. Penn PC
       1500 JFK Blvd
       Two Penn Center
       Suite 950

R. 277

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re Linda Merritt, | : | **Chapter 13** |
| | : | |
| **Debtor.** | : | **Case No. 11-18134 (JKF)** |
| | | |
| **Linda Merritt,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| **PNC Bank, N.A.,** | : | |
| **Defendant.** | : | **Adversary No. 12-0687** |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING ADVERSARY PROCEEDING

This 12th day of December, 2014, upon consideration of the *pro se*

Debtor/Plaintiff's "Request to Enter Default" (doc. no. 38, the "Motion for Default

Judgment" or the "Motion"), seeking default judgment[1] against Defendant PNC:[2]

---

[1] It is unclear whether the Motion seeks a default pursuant to Bankr. Rule 7055(a) or a default judgment pursuant to Bankr. Rule 7055(b).  Because the entry of default pursuant to Bankr. Rule 55(a) is "more or less a formality," the Court will treat the Motion as one for default judgment.  Midlantic Nat. Bank v. Ridgedale Farms, 1989 WL 12724, at *3 (D.N.J. Feb. 8, 1989).

[2] The Motion inexplicably adds many Defendants to the caption of the Complaint: The Urden Law Offices, P.C., Mark Urden Esq., Marguerite L. Thomas Esq., Chandra M. Arkoma Esq., William W. Huffman, Esq., Kassia Fialkoff Esq., and Stuart Winneg, Esq. (Collectively, the "Extra Defendants").  The

*Procedural History*

**AND** this adversary proceeding having been filed on November 29, 2012 (doc.

no. 1);

**AND** a Motion to Dismiss by the Defendant (doc. no. 3) having been granted on

March 25, 2013 (doc. no.13);

**AND** the Plaintiff (then represented by counsel) having filed an Amended

Complaint on July 2, 2013 stating one cause of action for abuse of process[3] (doc. no.

17);

**AND** (contrary to the assertion of the Plaintiff in the Motion) there being no

evidence that the Defendant was served with the Amended Complaint.[4] See e.g. doc.

no. 17; Motion at 2;

**AND** an answer to the Amended Complaint, which was due 14 days after

service, see Fed.R.Civ.P. 15(a)(3), not having been filed to date;

---

Plaintiff has not amended the Amended Complaint to add the Extra Defendants; therefore, they will not be considered.

[3] Like the original Complaint (doc. no. 1), the Amended Complaint alleges that PNC recklessly disregarded the truth in obtaining a foreclosure action against the Debtor and that the Defendant's "fraudulent misrepresentations" in the state court procedures and beyond cost the Debtor millions of dollars. Amended Complaint at 9-11 (quote at ¶48).

[4] In fact, there is no evidence that the Defendant was served with the original Complaint.

**AND** on February 19, 2014, the Debtor having advised opposing counsel and the

Court that she would be proceeding in this matter *pro se* (doc. no. 20);

**AND** two previous status conferences having been held-- on March 11, 2014 and

on May 13, 2014;

**AND** a continued status conference (the "Status Conference") having been held

on September 9, 2014;

**AND** neither the Debtor nor the Defendant, both of whom received notice,

appeared at the Status Conference;

**AND** an Order to Show Cause having been entered on September 11, 2014,

ordering the Debtor to appear in court on (as modified) December 9, 2014 and stating

that the Amended Complaint may be dismissed in the event that the Debtor fails to

appear or to prosecute the action (the "Show Cause Order," doc. no. 34, as modified by

doc. no. 39);

**AND** following the entry of the Show Cause Order, the Debtor having filed the

Motion;

**AND** a hearing regarding the Show Cause Order having been held on December

9, 2014;

3

### *Standard on a Motion for Default Judgment*

**AND** in order to grant a default judgment, it being necessary for a court to

determine that the defendant was properly served with the summons and complaint.

Days Inns Worldwide, Inc. v. Savita Hospitality Group, Inc., 2014 WL 3748204, at *2

(D.N.J. July 28, 2014) (citing Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir.

1991));

**AND** a default judgment further being premised on the notion that the

"unchallenged facts constitute a legitimate cause of action."  Days Inns Worldwide, Inc.

v. Savita Hospitality Group, Inc., 2014 WL 3748204, at *2 (D.N.J. July 28, 2014)

(internal quotation and citations omitted);

**AND** once a court determines that a complaint states a legitimate cause of

action, a court considering the following factors in determining whether default judgment

is proper: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant

appears to have a legitimate defense; and (3) whether defendant's delay is due to

culpable conduct."  Days Inns Worldwide, Inc. v. Hartex Ventures, Inc., 2011 WL

1211353, at *2 (D.N.J. March 28, 2011) (noting that whether to grant a motion for

default is largely left to a court's discretion, but that the Third Circuit's preference is that

"cases be disposed of on the merits whenever practicable."  Id.); see also Eastern Elec.

Corp. of New Jersey v. Shoemaker Constr. Co., 652 F.Supp.2d 599, 604 (E.D. Pa. 2009) (noting factors);

***Time limit regarding service***

**AND** Bankruptcy Rule 7004(m) stating, in relevant portion, "if a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time;"

**AND** the summons having been issued in this proceeding over two years ago, see doc. entry no.2, and no proof of service - either of the Complaint or of the Amended Complaint - having been made;

Upon consideration of the factual and legal background, it is hereby **ORDERED** that:

    1. The Motion is **denied**.[5]

---

[5] The unchallenged facts of the Amended Complaint do not constitute a legitimate cause of action – and thus the Defendant has a defense to this action. In order to state an abuse of process cause of action, a Plaintiff must show that a Defendant: "(1) used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed[,] and (3) harm has been caused to the plaintiff." Reis v. Barley, Snyder, Senft & Cohen, LLC, 426 Fed.Appx. 79, 83 (3d Cir. 2011) (not precedential) (internal citations and quotations omitted). In an abuse of process claim, there must be "some subsequent perversion of the process to constitute an abuse of process claim." Myrick v. Collingdale Borough, 2012 WL 4849129, at *12 (E.D. Pa. Oct. 12, 2012) (citations omitted).

The Amended Complaint alleges that PNC perpetrated a fraud through the foreclosure process. These allegations by the Debtor were addressed and dismissed when Counts One and Two of the original Complaint were dismissed with prejudice on March 25, 2013 (doc. no. 13). Further, the Plaintiff's allegations in the Amended Complaint that the Defendant acted with a "reckless disregard for the truth" do not meet the pleading standard for an abuse of process claim and are, therefore, not grounds for a default judgment.

R. 282

2. This adversary proceeding is **dismissed**.[6]

_____

HONORABLE JEAN K. FITZSIMON
United States Bankruptcy Judge

Copies to:

Plaintiff/Debtor

Linda Merritt, Esquire

699 West Glenrose Road

Coatsville, PA 19320

Mark A. Cronin, Esquire

P.O. Box 711

1018 North Bethlehem Pike

Suite 203B-1

Spring House, PA 19477

Defendant

PNC Bank, N.A.

222 Delaware Ave.

Wilmington, DE 19801

Kassia Fialkoff, Esquire

Shapiro &DeNardo, LLC

3600 Horizon Drive

Suite 150

_____

[6] The fact that the Plaintiff has failed to serve the Defendant provides reason to dismiss this proceeding pursuant to Bankruptcy Rule 7004(m). The Plaintiff's extended and unexcused delay, failure to prosecute, and lack of a legitimate cause of action, see footnote 5, supra, cause the court to decline to offer her further opportunity to litigate this proceeding.

R. 283

King of Prussia, PA 19406

<u>Courtroom Deputy</u>

Joan Ranieri

555 B.R. 471
United States District Court,
E.D. Pennsylvania.
In re Linda Merritt, Debtor.
Linda Merritt, Appellant
v.
PNC Bank, National Association, Appellee.
Linda Merritt, Appellant
v.
PNC Bank, National Association, Appellee.
CASE NO. 11-18134CIVIL ACTIONS NOS. 15-04282, 15-04937
Signed March 15, 2016Filed 03/16/2016

# Synopsis

**Background:** Chapter 13 debtor objected to proof of claim filed by servicing agent for mortgage loan based on servicer's alleged lack of standing and also sought to cram claim down to value of real property securing it. The Bankruptcy Court denied both the claim objection and cram-down request, as well as debtor's motion for reconsideration, and debtor appealed.

**Holdings:** The District Court, Pappert, J., held that:

1 loan servicer that was holder of mortgage note had standing to file proof of claim for mortgage debt;

2 loan servicer did not commit a fraud on the court when, in apparent effort to comply with the redaction protocol articulated in Bankruptcy Rule, it redacted name of owner of mortgage loan from proof of claim; and

3 mere fact that, at time that her Chapter 13 case was pending, debtor was renting out the real property that secured mortgage note and regarded other property in Florida as her homestead did not permit debtor to modify mortgagee's rights by cramming down its claim to value of real property securing it.

Affirmed.

# West Headnotes (7)Collapse West Headnotes

Change View
1**Bankruptcy**

Discretion
Bankruptcy court's denial of motion for reconsideration is reviewed for abuse of discretion.
2**Bankruptcy**

Who May File
Loan servicer that was holder of mortgage note had standing to file proof of claim for mortgage debt, regardless of whether it was also the "owner" of mortgage loan.
3**Bankruptcy**


Judgment or Order

Servicer of Chapter 13 debtor's mortgage loan did not commit a fraud on the court when, in apparent effort to comply with the redaction protocol articulated in Bankruptcy Rule, it redacted name of owner of mortgage loan from proof of claim which it filed for amounts owing on mortgage note in its possession; even assuming that servicer, in redacting owner's name, had perpetrated an intentional fraud, bankruptcy court was not deceived thereby, a prerequisite for any fraud on the court.

4**Bankruptcy**



Judgment or Order

To demonstrate a fraud on the court, party must show (1) an intentional fraud, (2) by officer of court, (3) which is directed at court itself, and (4) which in fact deceives the court.

5**Bankruptcy**



Reconsideration

Bankruptcy court did not abuse its discretion in denying Chapter 13 debtor's motion for reconsideration of order denying her request to "cram-down" mortgagee's claim to value of residential property securing it, where debtor's request for reconsideration was untimely, and debtor made no showing of any newly discovered evidence, change in the law, or manifest injustice.

6**Bankruptcy**



Security interests in principal residences

Critical time for determining whether creditor is creditor whose claim is secured solely by interest in real property that is Chapter 13 debtor's principal residence, such that creditor is protected by anti-modification provision from having its rights modified, is when creditor takes security interest in property. 11 U.S.C.A. § 1322(b)(2).

1 Case that cites this headnote

7**Bankruptcy**



Liens securing claims not allowed

**Bankruptcy**



Security interests in principal residences

Mere fact that, at time that her Chapter 13 case was pending, debtor was renting out the real property that secured mortgage note and regarded other property in Florida as her homestead did not permit debtor to modify mortgagee's rights by cramming down its claim to value of real property securing it, where debtor, in connection with mortgage loan, had indicated that she intended to occupy mortgaged property as her principal residence and did not disclose any rental income from property or any anticipated rental income. 11 U.S.C.A. § 1322(b)(2).

# Attorneys and Law Firms

*472 Barry F. Penn, Penn & Robinson, Philadelphia, PA, Eugene A. Camposano, Plymouth Meeting, PA, Thomas D. Schneider, Wallingford, PA, for Appellant/Debtor.

Matthew Summers, Ballard Spahr LLP, Wilmington, DE, Nicole B. LaBletta, Udren Law Offices PC, Cherry Hill, NJ, for Appellee.

Sarah Schindler-Williams, Ballard Spahr LLP, Philadelphia, PA.

**MEMORANDUM**

PAPPERT, District Judge.

Before the Court are two appeals from the United States Bankruptcy Court for the Eastern District of Pennsylvania, both involving Appellant Linda Merritt ("Merritt") and Appellee PNC Bank, National Association ("PNC"). After Merritt defaulted on her mortgage held by PNC and filed for Chapter 13 bankruptcy protection, PNC filed a proof of claim in the bankruptcy proceeding. Merritt asserted that PNC did not have standing to file a proof of claim because it was not the owner of the mortgage loan. She also sought to modify the terms of the loan in bankruptcy such that the value of PNC's claim was reduced to the value of her house.

The Bankruptcy Court found in favor of PNC on both of those claims: it held that PNC had standing to file a proof of claim (the "Claim Objection Order") and that Merritt could not "cram-down" her outstanding mortgage to the value of her home (the "Cram-Down Order"). Merritt sought reconsideration of those two decisions, which the Bankruptcy Court denied. She now appeals the decisions denying her two motions for reconsideration. She contends that the Bankruptcy Court abused its discretion by: (1) incorrectly granting PNC standing to file its proof of claim; and (2) not allowing her to "cram-down" the mortgage on her home. PNC contends that the Bankruptcy Court came to the correct conclusion on both the proof of claim and *473 "cram-down" issue. For the reasons discussed below, the Court affirms the order denying reconsideration of the Bankruptcy Court's Claim Objection Order and Cram-Down Order.

**I.**

Merritt owns improved residential real property located at 699 West Glen Rose Road, Coatesville, PA 19320 (the "Property"), which she uses as her primary residence. (R-368.)[1] In approximately October 2004, Merritt contacted National City Mortgage Company ("National City") and initiated the process for refinancing a then-existing mortgage loan secured by the Property. (*See* Appellee's Brief at 3, No. 15-cv-04937, ECF No. 8.) On November 5, 2004, she executed and submitted to National City a Uniform Residential Loan Application (the "Loan Application"), on which she stated that the Property was her "Primary Residence." (R-397 § II.) She also stated that her mailing address was the Property's address and that she was not receiving any rental income from the Property. (R-398 §§ III, V.)

On November 24, 2004, National City approved the Loan Application. (R-413–15.) Merritt delivered a note (the "Note") payable to National City and a mortgage (the "Mortgage," collectively with the Note, the "Mortgage Loan") granting it a lien against the Property. (R-413–33.) The Mortgage stated that Merritt agreed to "occupy, establish, and use the Property as [her] principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as [her] principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing...or unless extenuating circumstances exist which are beyond [Merritt's] control." (R-424 at § 6.) Section 8 of the Mortgage stated that an event of default occurs if Merritt provided "materially false, misleading, or inaccurate information or statements to PNC...in connection with the Loan," which was defined to include "representations concerning [Merritt's] occupancy of the Property as [her] principal residence." (R-418.) The Mortgage did not contain a "Second Home," "1-4 Family" or "Other" rider. (R-418.)

PNC became the successor-in-interest to the Mortgage after it acquired National City in 2008 and is the current servicer of the Mortgage. (R-360, 479.)

## A. State Foreclosure Litigation and Bankruptcy Litigation

On May 11, 2010, after Merritt defaulted on a series of payments on the Mortgage Loan, PNC commenced a foreclosure proceeding (the "Foreclosure Action") against Merritt in the Chester County Court of Common Pleas. (R-27.) PNC stated in its complaint that it is "the legal holder of the Mortgage that is the subject of this action." (C.R. 187.)[2] The state court entered a default judgment in PNC's favor after Merritt failed to respond to the complaint. (R-28.)

Merritt then filed a "Petition to Open Judgment and Answer and New Matter Counterclaim" (the "Petition to Open Judgment") asserting, among other things, that PNC failed to produce any evidence that it was the holder of the Note and Mortgage. (C.R. 6–14.) On October 28, 2010, the state court denied the Petition to *474 Open Judgment. (C.R. 5.) Merritt appealed that decision, which the Superior Court of Pennsylvania dismissed on January 10, 2011, due to her failure to prosecute the appeal. (C.R. 165, 180.)

On October 10, 2011, Merritt filed a voluntary petition for Chapter 13 bankruptcy (the "Bankruptcy Case") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). *See In re Linda Merritt*, No. (Bankr. E.D. Pa. filed Oct. 11, 2011). On November 14, 2011, PNC filed a proof of claim (the "Proof of Claim") in the Bankruptcy Case asserting a claim for $358,866.71 secured by the Property. (R-1285–1313.) The Proof of Claim stated that the Mortgage Loan was $86,790.27 in arrears as of the date of Merritt's bankruptcy filing and attached a copy of the Note and Mortgage. PNC redacted certain personal information on the Note and Mortgage, including the Freddie Mac loan identifier. (C.R. 118, 135.) The Note states that it is payable to National City and the Mortgage identifies National City as the lender. (C.R. 118–38.) PNC did not redact from the Note and Mortgage a label stating that the form used for each is the "Fannie Mae/Freddie Mac Uniform Instrument." (C.R. 118, 135.)

On September 25, 2012, PNC filed a motion for relief from the automatic stay as a result of Merritt's failure to make post-petition payments due under the Mortgage Loan (the "Lift Stay Motion").

(R-4–9.) In her response, Merritt claimed that PNC lacked standing as a "true creditor" due to PNC's disclosure that Freddie Mac was the investor in the Mortgage Loan. (R-10–25.) On November 29, 2012, Merritt filed a complaint against PNC in the Bankruptcy Case, asserting against PNC claims of fraud, abuse of process, and violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). (C.R. 140–59.) She claimed that PNC lacked standing to prosecute the Foreclosure Action because it was not the owner of the Note and Mortgage and that PNC had misrepresented its status as owner of those instruments to the state court. (R-150–58.) She premised her RESPA violation on PNC's alleged failure to inform Merritt that the servicer of the Mortgage Loan changed after PNC acquired National City. (C.R. 140–59.)

PNC moved to dismiss the complaint on the grounds that it had only represented it was the holder of the Note and Mortgage in the Foreclosure Action and not that it was the owner of the Mortgage Loan. (C.R. 171–72.) On March 25, 2013, the Bankruptcy Court dismissed all of Merritt's claims in the Adversary Proceeding: it dismissed her fraud and RESPA claims with prejudice but granted her leave to amend her abuse of process claim. (C.R. 181.) On July 2, 2013, Merritt filed an amended complaint reasserting her abuse of process claim. (C.R. 182–93.)

She premised that claim on the allegation that PNC misrepresented itself as the "holder" of the Mortgage Loan in the Foreclosure Action and Bankruptcy Case even though Freddie Mac was, in fact, the investor/owner. (C.R. 182–93.) After briefing on the issue, the Bankruptcy Court dismissed Merritt's amended complaint with prejudice on December 12, 2014. (C.R. 194–200.) It held that Merritt had not pled a viable claim for abuse of process because the Bankruptcy Court had previously dismissed with prejudice Merritt's claims that PNC mispresented its status in the Foreclosure Action. (C.R. 198 n.5.)

Merritt twice requested reconsideration of the Bankruptcy Court's dismissal of Adversary Proceeding, which the Bankruptcy Court denied on December 22, 2013, and January 5, 2015. (C.R. 207, 239.) Merritt did not appeal from the Bankruptcy *475 Court's dismissal of her claims or its denial of her motions for reconsideration.

**B. The Claim Objection and Cram Down Motion**

On January 7, 2015, Merritt filed a cross-motion to PNC's Lift Stay Motion in which she sought a determination of the value of the Property and to "cram-down" PNC's secured claim to the value of the Property (the "Cram-Down Motion"). (R-357–62.) Merritt contended that the Mortgage Loan could be crammed-down to the fair market value of the property pursuant to 11 U.S.C. § 1322(b) because: (1) she rented a single room of the Property; (2) the Property was not her "domicile;" and (3) the Mortgage Loan was eligible for modification under Freddie Mac's post-foreclosure sale buy-back initiative. (R-359–60; R-479–81.)

She also filed an objection to PNC's Proof of Claim (the "Claim Objection") on February 17, 2015, despite the Bankruptcy Court's ruling in the Adversary Proceeding dismissing her assertions that PNC lacked standing.

Merritt argued that PNC lacked standing to file the Proof of Claim because it was not the "owner" of the Note and Mortgage, though she recognized that "PNC admittedly is the mortgage servicer." (C.R. 256.) She also alleged that PNC's redaction of the Freddie Mac loan identifier was an attempt to hide Freddie Mac's involvement as an investor in the Mortgage Loan and was a "fraud" on the Bankruptcy Court. (C.R. 252–57.) PNC responded that Merritt's Claim Objection was an improper attempt to relitigate matters already decided in both the Foreclosure Action and Adversary Proceeding and therefore barred by the *Rooker-Feldman* doctrine and *res judicata*. (C.R. 1–4, 160–81.)

On June 16, 2015, the Bankruptcy Court held a hearing on both Merritt's Claim Objection and Cram-Down Motion. (C.R. 73–110.) At the hearing, Merritt stated that the sole basis for her Claim Objection was that PNC was not the "owner" of the Note and Mortgage. (C.R. 82–83.) The Bankruptcy Court denied the Claim Objection and issued the Claim Objection Order, finding that PNC's status as servicer of the Mortgage Loan was sufficient to confer standing to file the Proof of Claim. (*Id.*) It also found that it was not "deceived" by PNC's redaction of Freddie Mac's loan identifier on the Proof of Claim: "Your argument that there was a fraud perpetrated on the Court doesn't stand because I wasn't—if for no other reason, I wasn't deceived, which is a requirement for that." (R-1329–32.)

The Bankruptcy Court then heard argument and testimony on the Cram-Down Motion. It denied the Cram-Down Motion on the record because PNC's sole collateral was the Property and Merritt stated in her Loan Application and Mortgage that the Property was her principal residence. (R-13, 54–58.) The Bankruptcy Court denied the Cram Down Motion and issued the Cram-Down Order on June 23, 2015. (R-717–18.)

**C. Merritt's Motions for Reconsideration and Appeal**

Merritt filed a motion for reconsideration of the Claim Objection Order, which the Bankruptcy Court denied on July 22, 2015. (C.R. 262–72.) On August 4, 2015, Merritt filed a notice of appeal of the Bankruptcy Court's Order denying her motion for reconsideration (the "Claim Objection Appeal"), though she did not appeal the underlying Claim Objection Order.[3] (C.R. 274.)

*476 On July 8, 2015, fifteen days after the entry of the Cram-Down Order, Merritt filed a motion for reconsideration of that Order. (R-826–36.) On August 18, 2015, the Bankruptcy Court denied the motion to reconsider, stating that it was untimely under the 14-day time limit of Bankruptcy Rule 9023 and that, even if considered on the merits, it did not establish any grounds for reconsideration. (R-1272–84.) On August 23, 2015, Merritt filed a notice of appeal of the Bankruptcy Court's Order denying her motion for reconsideration (the "Cram-Down Appeal"), though she did not appeal the Cram-Down Order itself.[4] Before the Court are Merritt's Claim Objection Appeal and Cram-Down Appeal.

**II.**

[1] The Court has jurisdiction over Merritt's appeals under 28 U.S.C. Sections 158(a)(1) and § 1334. The Bankruptcy Court's decisions to deny Merritt's motions to reconsider the Claim Objection and Cram-Down Motion are reviewed for abuse of discretion. *See In re Olick*, 311 Fed.Appx. 529, 531 (3d Cir.2008) (citing *McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir.2005)). Judicial discretion is abused only when the court acts in an arbitrary, fanciful or unreasonable manner or where it uses improper legal standards, criteria or procedures. *See Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 167 (3d Cir.2001); *see also McDowell*, 423 F.3d at 238 ("An abuse of discretion may occur as a result of an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact.").[5]

**III.**

[2] The determinative issue regarding the Claim Objection is whether PNC has standing to file the Proof of Claim. Courts often analyze that issue in the context of three actors in the mortgage lending process: the loan owner, holder and servicer.[6]

*477 Merritt contests PNC's standing to file the Proof of Claim, arguing that she "has presented evidence that Freddie Mac and not PNC is the owner/holder of the subject mortgage." (Appellant's Brief at 27, No. 15-cv-04282, ECF No. 7.) Merritt's is wrong: PNC is in fact the holder of the Note; further, whether or not PNC owns the Note is irrelevant to its standing to file a Proof of Claim. *See In re Walker*, 466 B.R. 271 (Bankr.E.D.Pa.2012) (recognizing a distinction between the owner of a Note and who is entitled to enforce it); *see also In PHH Mortg. Corp. 2001 Bishop's Gate Blvd. v. Powell*, 100 A.3d 611, 621 (Pa.Super.2014) ("Evidence that some other entity may be the 'owner' or an 'investor' in the Note is not relevant to th[e] determination, as the entity with the right to enforce the Note may well not be the entity entitled to receive the economic benefits from payments received thereon.") (interpreting the Pennsylvania Uniform Commercial Code). Merritt's focus on Freddie Mac's status as the "owner" is thus irrelevant to whether PNC has standing to file the Proof of Claim. The relevant inquiry is instead whether PNC is the servicer and/or holder of the Note, which would give it standing to file the Proof of Claim. *In re Alcide*, 450 B.R. at 537 n. 22 ("In the proof of claim context, the authority of a servicer to file a proof of claim is expressly authorized by the rules of court.") (citing Fed. R. Bankr. P. 3001(b)). Here, PNC is both the holder and servicer.

Merritt acknowledges that PNC is the servicer. (C.R. 256; Appellant's Brief at 25–26, No. 15-cv-04937, ECF No. 7) ("PNC admittedly is the mortgage servicer.") PNC is also the holder of the

Note by virtue of its acquisition of the original holder, National City. *See VFC Partners 25 LLC v. Scranton Ctr. Holdings LP*, 541 Fed.Appx. 206, 207 (3d Cir.2013) (holding that after a merger between Bank of America and LaSalle Bank, Bank of America had standing in a foreclosure action because "by way of a merger, Bank of America succeeded to LaSalle's rights as assignee pursuant to the National Bank Act.") (citing 12 U.S.C. § 215(e)). Thus, even though Freddie Mac is the owner of the Note—a fact which Merritt mistakenly believes is dispositive—PNC has standing to enforce the Proof of Claim as the holder and servicer. *See In re Alcide*, 450 B.R. 526, 537 (Bankr.E.D.Pa.2011) (collecting cases) ("A number of courts have upheld the authority of a mortgage loan servicer to file a proof of claim on behalf of the mortgage holder.").[7]

34  Merritt also claims that the redaction of Freddie Mac's name was "designed to deceive the Court that the actual owner of the Note and Mortgage was Freddie Mac." (Appellant's Brief at 10, No. 15-cv-04282, ECF No. 7.) This assertion—which focuses on representations made about the *owner* of the Note and Mortgage—is not only irrelevant to whether PNC has standing but also without merit. To show that PNC committed a fraud on the Court, Merritt must make "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir.2005). Aside from whether PNC perpetrated an intentional fraud, which appears unlikely given that it was presumably attempting to comply with the *478 redaction protocol articulated in Bankruptcy Rule 9037,[8] the Bankruptcy Court stated that it had not been deceived. (C.R. 81–82.) The Court cannot now find on appeal that the Bankruptcy Court erred in stating what only it could know—whether or not it was misled.

## IV.

5  The Bankruptcy Court did not abuse its discretion in denying Merritt's motion for reconsideration of the Cram-Down Order. It correctly determined that the Mortgage Loan was not subject to cram-down, and there was therefore no basis on which to reconsider the Cram-Down Order. Further, it correctly determined that Merritt's request for reconsideration was untimely and that she had not presented new evidence, change in law, or a manifest injustice.

6 7  The "normal rule" in bankruptcy is that, to the extent a claim exceeds the value of collateral on which it has a lien, the claim may be "crammed down" to the value of the collateral. *See In re Scarborough*, 461 F.3d 406, 409–10 (3d Cir.2006). Section 1322(b)(2) of the Bankruptcy Code "carves out an exception to this general rule[ ]" for a Chapter 13 debtor by providing that it does *not* apply to a "claim secured only by a security interest in real property that is the debtor's principal residence." *Id.* Thus, a Chapter 13 debtor may not modify the rights of a creditor with a security interest in his primary residence. *See id.* In *Scarborough*, the Third Circuit Court of Appeals stated that the "critical moment" in determining whether property is a "principal residence" within the meaning of the exception is "when the creditor takes a security interest in the collateral." 461 F.3d at 412. "It is at that point in time that the underwriting decision is made and it is therefore at that point in time that the lender must know whether the loan it is making may be subject to modification in a Chapter 13 proceeding at some later date." *Id.* (internal citation and quotation marks omitted).

Merritt's argument in favor of her Cram-Down Motion is that the Property is not her primary residence because she currently rents a room in the Property and considers her "homestead" to be in Florida. (R-360.) Under *Scarborough*, however, the relevant inquiry is not whether she now rents part of the property or considers her homestead to be elsewhere, but what representations she made to National City at the "critical moment" she executed the Mortgage Loan. 461 F.3d at 412. At that time, Merritt stated that she would use the Property as her "primary residence" and

did not disclose any rental income in the Loan Application. (R-397.) She did not disclose any anticipated rental income or include a rider that the Property would be used as a rental property or second home. (R-397–99; 417–33.) The Mortgage she executed provides that Merritt is to "occupy, establish, and use the Property as [her] principal residence." (R-424.) National City did not purport to take any security interest in any rental income or other payments derived from the Property. It took a security interest only in the Property, her "principal residence." Accordingly, the Mortgage Loan is not subject to modification under Section 1322(b)(2), and pursuant to the Third Circuit's ruling in *Scarborough*, the Bankruptcy Court correctly denied Merritt's Cram Down Motion and her motion to reconsider *479 the Cram Down Motion.[9]

The Bankruptcy Court's decisions are affirmed.

# All Citations

555 B.R. 471

# Footnotes

[1]
The pages in the Appendix to the Record in Case No. 15-cv-04937 are labeled with a prefix of "R-." For ease of reference, the Court maintains this numbering scheme when citing to the Record.

[2]
Citations to "C.R." are to PNC's Counter-Record submitted in connection with its response brief in Case No. 15-cv-04282.

[3]
The text of Merritt's Notice of Appeal unequivocally states that she is appealing the Bankruptcy Court's Order denying her motion for reconsideration of the Claim Objection Order, not the Claim Objection Order itself. Specifically, it states that she is appealing the "order...entered in this matter on July 22, 2015 denying Debtor's Motion for Reconsideration of the Order Overruling the Objection of the Debtor to PNC Bank, N.A.'s Proof of Claim [ ] of the Court's Order entered on June 16, 2015 [ ]." (No. 15-cv-04282, ECF No. 1.)

[4]
Similar to her appeal of the motion for reconsideration of the Claim Objection Order, Merritt's notice of appeal states that she appeals the Bankruptcy Court's denial of her motion for reconsideration of the Cram-Down Order, not the Cram-Down Order itself. Her Notice of Appeal states that she appeals the "order...entered in this matter on August 18, 2015 [ ] denying Debtor's Motion for Reconsideration of the Order Overruling the Debtor's Cross Motion [ ] of the Court's Order entered on June 23, 2015 [ ]." (No. 15-cv-04937, ECF No. 1.)

[5]
Had Merritt appealed the Claim Objection Order and the Cram-Down Order—and not the Bankruptcy Court's denial of her motions to reconsider those Orders—the Court would review the Bankruptcy Court's legal determinations de novo and its factual findings for clear error in those Orders. *See In re Martin's Aquarium, Inc.*, 98 Fed.Appx. 911, 913 (3d Cir.2004). Merritt's appeals of only the motions for reconsideration, however, require her to demonstrate that the Bankruptcy Court abused its discretion in denying those motions. *See In re Olick*, 311 Fed.Appx.

at 531. In any event, the standard of review is not determinative of the outcome: for the reasons discussed *infra*, the Court affirms the Bankruptcy Court's Claim Objection Order and Cram-Down Order even if considered on the merits.

6

"A 'holder' is defined as the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." *Hoffman v. Wells Fargo Bank, N.A.*, No. 13–cv–5700, 2015 WL 3755207, at *3 (E.D.Pa. June 16, 2015). A "servicer" is defined by 12 U.S.C. § 2605(i)(2) as a person responsible "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan."

7

Since PNC has standing to file a Proof of Claim as the holder and servicer of the Note, it is unnecessary to evaluate its assertion that Merritt's Claim Objection is barred by the *Rooker-Feldman* doctrine and *res judicata*. (*See* Appellee Brief at 12–16, No. 15-cv-04282, ECF No. 7.)

8

Rule 9037 states that when filing a document, a party must redact certain personal identification items such as an individual's social security number, taxpayer identification number and financial-account number.

9

Since the Bankruptcy Court accurately applied the *Scarborough* ruling to deny the Cram-Down Motion, the Court need not address the contentions regarding whether the Bankruptcy Court abused its discretion in finding the motion for reconsideration untimely pursuant to Bankruptcy Rule 9023.

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CIVIL DOCKET FOR CASE #: 2:15-cv-04282-GJP

IN RE: LINDA MERRITT
Assigned to: HONORABLE GERALD J. PAPPERT
related Case: 2:15-cv-01854-GJP
Case in other court:  US BANKRUPTCY COURT
                        EDPA, 11-18134
                        USCA FOR THE THIRD CIRCUIT,
                        16-01864
Cause: 28:0158 Notice of Appeal re Bankruptcy Matter
(BA

Date Filed: 08/04/2015
Date Terminated: 03/16/2016
Jury Demand: None
Nature of Suit: 422 Bankruptcy:
Appeal (801)
Jurisdiction: Federal Question

**Appellee**

**PNC BANK, N.A.**
                                          represented by  **SARAH SCHINDLER-**
**WILLIAMS**
BALLARD SPAHR LLP
1735 MARKET ST 51ST FL
PHILADELPHIA, PA 19103
Email:
schindlerwilliamss@ballardspahr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**MATTHEW SUMMERS**
BALLARD SPAHR LLP
919 N MARKET ST 11TH FL
WILMINGTON, DE 19801
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**NICOLE B. LABLETTA**
UDREN LAW OFFICES PC
111 WOODCREST ROAD
SUITE 200
CHERRY HILL, NJ 08003
Email: nlabletta@udren.com
*ATTORNEY TO BE NOTICED*

V.

**Debtor-in-Possess**

**LINDA MERRITT**
                                          represented by  **BARRY F. PENN**

*also known as*
LYN MERRITT

PENN & ROBINSON
1500 JOHN F. KENNEDY BLVD.
SUITE 1850
PHILADELPHIA, PA 19102
215-568-3400
Email: bfpennesq@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EUGENE A. CAMPOSANO**
1250 GERMANTOWN PIKE SUITE
205
PLYMOUTH MEETING, PA 19462
610-306-0626
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**THOMAS D. SCHNEIDER**
55 GREEN VALLEY ROAD
WALLINGFORD, PA 19086
610-565-1134
Email: tdschneider@verizon.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**EUGENE J. MALADY**
EUGENE J. MALADY, LLC
211 N. OLIVE ST
Suite 1
MEDIA, PA 19063
610-565-5000
Email: kjones@ejmcounselors.com
*ATTORNEY TO BE NOTICED*

**SARAH SCHINDLER-
WILLIAMS**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Interested Party**

**TIMOTHY B. MCGRATH**

**Trustee**

**WILLIAM C. MILLER**                   represented by   **WILLIAM C. MILLER**
                                                          111 S. INDEPENDENCE MALL
                                                          EAST

SUITE 583
PHILADELPHIA, PA 19106
215-627-1377
Fax: 215-627-6299
Email: wcmiller@ph13trustee.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Trustee**

**UNITED STATES TRUSTEE**

**Trustee**

**FREDERIC BAKER**          represented by  **FREDERIC J. BAKER**
                                            OFFICE OF THE U.S. TRUSTEE
                                            833 CHESTNUT STREET
                                            SUITE 500
                                            PHILADELPHIA, PA 19107
                                            215-597-4411
                                            Email: frederic.j.baker@usdoj.gov
                                            *LEAD ATTORNEY*
                                            *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/04/2015 | 1 | Certificate of Appeal of LINDA MERRITT from the order of Bankruptcy Judge Jean K. FitzSimon filed on August 4, 2015. (Attachments: # 1 Exhibit, # 2 Exhibit)(rt) (Entered: 08/04/2015) |
| 08/14/2015 | 2 | Statement *of Issues and Designation of Record* by LINDA MERRITT. (Attachments: # 1 Affidavit Certificate of Service)(PENN, BARRY) (Entered: 08/14/2015) |
| 08/25/2015 | 3 | Statement *Of Additional Items to Be Included in the Record and Counter-Statement of Issues on Appeal* by PNC BANK, N.A.. (Attachments: # 1 Certificate of Service)(LABLETTA, NICOLE) (Entered: 08/25/2015) |
| 08/31/2015 | 4 | Original Bankruptcy record together with designation of record on appeal received. (rt) (Entered: 08/31/2015) |
| 08/31/2015 | 5 | Briefing Schedule 8/31/2015 Entered and copies mailed. (rt) (Entered: 08/31/2015) |
| 09/29/2015 | 6 | Supplemental Certificate of Appeal. (va, ) (Entered: 09/29/2015) |
| 09/30/2015 | 7 | Appellant's BRIEF by LINDA MERRITT. (Attachments: # 1 Affidavit Certificate of Service)(PENN, BARRY) Modified on 10/1/2015 (md). (Entered: 09/30/2015) |
| 10/29/2015 | 8 | Appellee's BRIEF by PNC BANK, N.A.. Appellant Reply Brief due by |

| | | |
|---|---|---|
| | | 11/12/2015. (Attachments: # 1 Appendix, # 2 Appendix, # 3 Appendix, # 4 Appendix, # 5 Appendix, # 6 Appendix, # 7 Certificate of Service)(LABLETTA, NICOLE) (Entered: 10/29/2015) |
| 11/10/2015 | 9 | STIPULATION AND ORDER THAT APPELLANT MAY SERVE AND FILE A REPLY BRIEF BY 11/16/2015. SIGNED BY HONORABLE GERALD J. PAPPERT ON 11/10/15. 11/10/15 ENTERED AND COPIES MAILED AND E-MAILED. 11/13/15 COPY TO US ATTY AND BANKRUPTCY COURT. (va, ) (Entered: 11/10/2015) |
| 11/16/2015 | 10 | Appellant's REPLY BRIEF by LINDA MERRITT. (Attachments: # 1 Affidavit Certificate of Service)(PENN, BARRY) (Entered: 11/16/2015) |
| 01/29/2016 | 11 | ORDER THAT AN ORAL ARGUMENT IS SCHEDULED IN THE ABOVE-CAPTIONED CASE, FOR FRIDAY, FEBRUARY 19, 2016 AT 10:00 A.M. IN A COURTROOM TO BE DETERMINED. SIGNED BY HONORABLE GERALD J. PAPPERT ON 1/29/16. 2/1/16 ENTERED AND COPIES MAILED AND EMAILED TO COUNSEL.(jaa, ) (Entered: 02/01/2016) |
| 02/12/2016 | 12 | APPLICATION FORM FOR THOSE ATTORNEYS SEEKING TO PRACTICE IN THIS COURT PURSUANT TO LOCAL RULE OF CIVIL PROCEDURE 83.5.2(B) FOR MATTHEW G. SUMMERS by PNC BANK, N.A. FILING FEE PAID: $40 PPE135412. (jaa, ) Modified on 2/17/2016 (md). (Entered: 02/16/2016) |
| 02/16/2016 | 14 | ORDER DENYING 12 APPLICATION FOR PRO HAC VICE ADMISSION OF MATTHEW G. SUMMERS, ETC. SIGNED BY HONORABLE GERALD J. PAPPERT ON 2/16/16. 2/17/16 ENTERED AND COPIES MAILED, E-MAILED. (va, ) (Entered: 02/17/2016) |
| 02/17/2016 | 13 | MOTION for Pro Hac Vice \\ *Unopposed Motion to Admit Matthew G. Summers, Esq. Pro Hac Vice* filed by PNC BANK, N.A..Affidavit, Certificate of Service. (Attachments: # 1 Affidavit of Matthew G. Summers, # 2 Text of Proposed Order, # 3 Certificate of Service)(LABLETTA, NICOLE) (Entered: 02/17/2016) |
| 02/17/2016 | 15 | ORDER GRANTING 13 MOTION FOR PRO HAC VICE ADMISSION OF MATTHEW G. SUMMERS, ESQ. SIGNED BY HONORABLE GERALD J. PAPPERT ON 2/17/16. 2/17/16 ENTERED AND COPIES MAILED (WITH ECF FORMS) AND E-MAILED. (va, ) (Entered: 02/17/2016) |
| 02/19/2016 | 16 | Minute Entry for proceedings held before HONORABLE GERALD J. PAPPERT Argument on Bankruptcy Appeal held on 2/19/2016. Court Reporter: ESR. (gs) (Entered: 02/22/2016) |
| 02/22/2016 | 17 | TRANSCRIPT of Oral Argument Proceedings held on 2/19/16 before Judge Gerald J. Pappert. (ti, ) (Entered: 02/23/2016) |
| 03/15/2016 | 18 | NOTICE of Appearance by EUGENE J. MALADY on behalf of LINDA |

| | | |
|---|---|---|
| | | MERRITT (MALADY, EUGENE) (Entered: 03/15/2016) |
| 03/16/2016 | 19 | MEMORANDUM SIGNED BY HONORABLE GERALD J. PAPPERT ON 3/15/16. 3/16/16 ENTERED AND COPIES MAILED, E-MAILED AND SENT TO USBC. (va, ) (Entered: 03/16/2016) |
| 03/16/2016 | 20 | ORDER THAT THE BANKRUPTCY COURTS JULY 22, 2015 ORDER IS AFFIRMED. THE CLERK OF COURT IS DIRECTED TO CLOSE THIS CASE. SIGNED BY HONORABLE GERALD J. PAPPERT ON 3/15/16. 3/16/16 ENTERED AND COPIES MAILED, E-MAILED AND SENT TO USBC. (va, ) (Entered: 03/16/2016) |
| 04/06/2016 | 21 | NOTICE OF APPEAL as to 20 Order (Memorandum and/or Opinion), 19 Memorandum and/or Opinion by LINDA MERRITT. Filing fee $ 505, receipt number PPE138255. Copies to Judge, Clerk USCA, Appeals Clerk and USCB. (va, ) (Entered: 04/07/2016) |
| 04/06/2016 | 22 | Clerk's Notice to USCA re 21 Notice of Appeal : Fee Paid. (va, ) (Entered: 04/07/2016) |
| 04/14/2016 | | NOTICE of Docketing Record on Appeal from USCA re 21 Notice of Appeal filed by LINDA MERRITT. USCA Case Number 16-1864. (ahf) (Entered: 04/14/2016) |