# IN THE UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

_____

# NO. 16-1864

_____

# IN RE LINDA MERRITT

_____

**Appeal From Order In The United States District Court For The Eastern District Of Pennsylvania, No. 15-04282, Affirming Order Entered in the United States Bankruptcy Court for the Eastern District of Pennsylvania, No. 11-18134**

_____

# REPLY BRIEF OF APPELLANT

# LINDA MERRITT

_____

Eugene J. Malady, Esquire
EUGENE J. MALADY, LLC
211 N. Olive Street, Suite 1
Media, PA  19063
610 565-5000 (telephone)
610 565-1201 (facsimile)
emalady@ejmcounselors.com

*Attorney for Debtor-Appellant,*
*Linda Merritt*

# TABLE OF CONTENTS

**PAGE**

**I.    THIS APPEAL IS FROM BOTH THE CLAIM OBJECTION ORDER AND THE ORDER DENYING RECONSIDERATION....................2**

**II.   PNC DOES NOT HAVE STANDING TO PROSECUTE THE PROOF OF CLAIM............................................................................4**

**III.  RES JUDICATA DOES NOT BAR MERRITT FROM CHALLENGING PNC'S STANDING TO PROSECUTE THE PROOF OF CLAIM............................................................................7**

**IV.   *ROOKER-FELDMAN* DOES NOT PRECLUDE MERRITT FROM OBJECTING TO PNC'S PROOF OF CLAIM....................................9**

**V.    PNC PERPETRATED A MATERIAL MISREPRESENTATION ON THE COURT.........................................................................12**

**VI.   CONCLUSION........................................................................14**

# TABLE OF AUTHORITIES

## CASES

*Corestates Bank N.A. v. Huls  America, Inc.*, 176 F.3d 187, 197 (3d Cir 1999)..8

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010) **...................................**2

*Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252 (3d Cir.1977)................2

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)..............9

*Greer v. O'Dell*, 305 F.3d 1297 (11th Cir. 2002)................................................4

*Heiser v. Woodruff*, 327 U.S. 726 (1945).............................................................8

*In re Alcide*, 450 B.R. 526 (Bankr.E.D.Pa. 2011).................................................4, 5

*In re Conde-Dedonato*, 391 B.R. 247 (Bankr.E.D.N.Y. 2008)............................4

*In re Funches*, 381 B.R. 381 (Bankr.E.D. Pa. 2008)............................................11

*In re Gulley*, 436 B.R. 878 (Bankr.N.D.Tex. 2010)..............................................5

*In re Hartman, LLC*, 508 B.R. 339 (Bankr. E.D. Pa. 2014)..................................11

*In re Majestic Star Casino, LLC*, 716 F.3d 736 (3d Cir. 2013)............................7

*In re Miller*, 666 F.3d 1255 (10th Cir. 2012).......................................................11

*In re Minbatiwalla*, 424 B.R. 104 (Bankr.S.D.N.Y. 2010)...................................4

*Kemp v. Countrywide Home Loans, Inc.*, (*In re Kemp*), 440 B.R. 624 (Bankr.D.N.J. 2010)....................................................................................................................4

*Lance v. Dennis*, 546 U.S. 459 (2006) ................................................................9

*Levine v. Littman*, 91 Fed. Appx. 217 (3d Cir. 2004)..............................................9

*Polonski v. Trump Taj Mahal Assocs.,* 137 F.3d 139 (3d Cir.1998).......................3

*Robinson v. New Jersey Mercer County Vicinage*, 514 Fed. App'x 146 (3d Cir. 2013)....................................................................................................................9

*Skinner v. Switzer*, 131 S.Ct. 1289 (2011)...............................................................9

*Sulima v. Tobyhanna Army Depot,* 602 F.3d 177 (3d Cir.2010) ...........................2

*United Student Aid Funds Inc., v. Espinosa*, 559 U.S. 260 (2010)......................1, 6

## OTHER AUTHORITIES

FRBP 9037......................................................................................................12-13

PNC argues at length in its brief that Linda Merritt is barred by res judicata and the *Rooker-Feldman* doctrine from contesting PNC's standing to prosecute its proof of claim against her.   PNC is wrong.   Merritt's fourth amended Chapter 13 plan—which has been confirmed and is fully funded—expressly states that PNC's proof of claim "will be resolved in accordance with litigation".   R. 348-355.   The present case is one of the remaining issues to be resolved as part of the confirmed plan.   Since PNC failed to object to the Plan, this condition requires PNC to give Merritt her day in court to challenge PNC's lack of standing on the merits.   See *United Student Aid Funds Inc., v. Espinosa*, 559 U.S. 260 (2010) (creditor who is afforded notice and opportunity to be heard with regard to proposed plan, but who fails to object, is bound by terms of confirmed plan).

On the merits of this issue, Merritt is entitled to prevail.   Although PNC is the servicer of Merritt's loan and mortgage, PNC has failed to prove that it has written authority from the real party in interest (Freddie Mac) authorizing it to prosecute a proof of claim on Freddie Mac's behalf.   Contrary to PNC's position, its PNC's mere status as a service *does not* entitle it to prosecute the proof of claim; it must furnish written authority to do so.   Since PNC has never furnished such written authority, it cannot prosecute this proof of claim.   Merritt respectfully requests that this Honorable Court reverse the order of the district court affirming the Bankruptcy Court's order denying her objection to PNC's proof of claim.

## I.   THIS APPEAL IS FROM BOTH THE CLAIM OBJECTION ORDER AND THE ORDER DENYING RECONSIDERATION.

PNC argues that this appeal is only from the order denying reconsideration instead of the underlying order denying Merritt's claim objection.  PNC is wrong, in view of the reasoning in *Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010).

In *Cortez*, the appellee argued that the appellant only appealed an order dated May 1, 2008 but not an order dated September 13, 2007.  The Third Circuit disagreed, reasoning:

> Both Trans Union's and Cortez's notice of appeal only directly reference the District Court's Memorandum and Judgment Order (collectively referred to as "May order") entered May 1, 2008. However, in their briefs it is clear that both parties are also appealing the district court's Memorandum and Order and Order (collectively referred to as "September order") entered September 13, 2007.

> It is a requirement of Federal Rule of Appellate Procedure 3(c)(1)(b) that a notice of appeal 'designate the judgment, order, or part thereof being appealed.' 'If an appeal is taken only from a specified judgment, the court does not acquire jurisdiction to review other judgments not specified or fairly inferred by the Notice.' *Sulima v. Tobyhanna Army Depot,* 602 F.3d 177, 184 (3d Cir.2010) (quotations omitted) (citing *Elfman Motors, Inc. v. Chrysler Corp.,* 567 F.2d 1252, 1254 (3d Cir.1977)). We have previously held that because 'only a final judgment or order is appealable, the appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment.' *Elfman,* 567 F.2d at 1253. Additionally, we have held that we exercise appellate jurisdiction over 'orders that are not specified in the notice of appeal where: (1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is

not prejudiced and has a full opportunity to brief the issues.' *Polonski v. Trump Taj Mahal Assocs.,* 137 F.3d 139, 144 (3d Cir.1998).

The district court's September order: (1) denied Trans Union's motion for judgment as a matter of law; (2) denied Trans Union's motion for a new trial as to liability; (3) partially granted Cortez's motion for counsel fees and expenses; and (4) granted Trans Union's motion for a new trial as to damages, unless the Plaintiff accepted a remittitur. On October 12, 2007, Cortez filed a notice of appeal in which she appealed the September order. On February 14, 2008, we dismissed Cortez's appeal for lack of appellate jurisdiction because the September order was not a final judgment. On May 1, 2008, the district court issued a final judgment. The May order specifically referenced the September order and the district court judge stated that the final judgment was entered as a result of Plaintiff's acceptance of the remittitur. The May order entered judgment in favor of Plaintiff and awarded her remitted damages, counsel fees, and costs.

It is clear from this procedural history that the September order is "fairly inferred" by both parties' notice of appeal. Cortez attempted to appeal the September order, but because it was not a final order, she was unable to do so. The final judgment of May 1, 2008 cannot be understood without the September order and is clearly a product of that order. Additionally, there is a clear connection between the two orders; the intention to appeal the September order is apparent in both parties' briefs; and neither party has been prejudiced as evidenced by their in-depth briefing of the issues raised in the September order. Hence, we have appellate jurisdiction over both orders.

*Id.,* 617 F.3d at 695 n. 2.

In view of *Cortez*, this Court clearly has jurisdiction over both the order denying Merritt's claim objection and the order denying reconsideration. To begin with, the notice of appeal references the order denying Merritt's claim objection in its title, a clear statement of Merritt's intent to appeal this order. Moreover, the order denying reconsideration, like the September order in *Cortez*, cannot be

understood without reference to the underlying order denying Merritt's claim objection.  Third, Merritt briefed the order denying her claim objection in both the district court and in this Court.  As in *Cortez*, "neither party has been prejudiced, as evidenced by their in depth briefing" of both orders.

For these reasons, PNC's argument that Merritt only appealed the order denying reconsideration is incorrect.  Her appeal is from both the order denying her claim objection and the order denying reconsideration.

## II.   PNC DOES NOT HAVE STANDING TO PROSECUTE THE PROOF OF CLAIM.

PNC's argument that loan servicers have standing to prosecute proofs of claim does not apply to this case.  The decisions cited by PNC provide that a loan service may prosecute a proof of claim *if the servicer provides either a servicing agreement, affidavit or power of attorney authorizing the servicer to act on behalf of the real party in interest.*[1]  In this case, PNC concedes that "Freddie Mac is the

---

[1] *See In re Alcide*, 450 B.R. 526, 537 (Bankr.E.D.Pa. 2011) (collecting cases)("..the servicing agreement defines the scope of the servicers authority..."); *Greer v. O'Dell*, 305 F.3d 1297, 1302 (11th Cir. 2002) (servicer provided affidavit of manager of bankruptcy processing department for MBNA authorizing servicer to file proof of claim on its behalf"); *Kemp v. Countrywide Home Loans, Inc.*, (*In re Kemp*), 440 B.R. 624, 634 (Bankr.D.N.J. 2010) ("A power of attorney was submitted affording Countrywide Home Loans Servicing L.P. ...the limited opportunity to perform all necessary acts ... presumably including the authority to file a proof of claim in a bankruptcy case"); *In re Minbatiwalla*, 424 B.R. 104, 109 (Bankr.S.D.N.Y. 2010)("Courts require an affidavit from someone with personal knowledge establishing facts supporting standing or possession of the original note"); *In re Conde-Dedonato*, 391 B.R. 247, 250 (Bankr.E.D.N.Y. 2008) (court

investor [owner] of the loan of Linda Merritt" (R. 559-627), making Freddie Mac the real party of interest, not PNC. Yet, PNC has not produced any document, i.e., a servicing agreement, affidavit or power of attorney from Freddie Mac, authorizing PNC to act on its behalf in this estate.[2]  Although PNC claims it is the holder of Note and Mortgage, it never produced to the Bankruptcy Court the unredacted "original Note and Mortgage" with an endorsement from Freddie Mac to PNC.   Nor did PNC provide an affidavit from someone with personal knowledge that it has in its possession the original note and mortgage. Consequently, PNC lacks standing to prosecute the proof of claim against Merritt.

---

granted servicer standing where servicer "provided an affidavit attesting that it is the servicer of the note and mortgage, has provided original note and mortgage..."); *In re Gulley*, 436 B.R. 878 (Bankr.N.D.Tex. 2010) ("Countrywide would be required to establish its holder status and the requisite chain of title of the note (as well as attaching the required documentation of such claim").

[2] PNC's lengthy dissertation of *Alcide* on pages 15-16 of its brief misses the point that servicers may act on behalf of the real party in interest *if the servicing agreement gives them the authority to do so.*  As discussed herein, PNC has totally failed to demonstrate such authority in the present case.  *See Alcide*, 450 B.R. at 539 ("...if the servicer is acting within the scope of its authority as the mortgage holders agent. Whether it has such authority depends on the content of the servicing agreement between the mortgage holder and the servicer. That agreement may or may not be broad enough in scope to delegate to the servicer the authority to initiate and manage foreclosure litigation on the mortgage holders behalf. A servicer can establish its authority to initiate legal action if it demonstrates that its contractual duties to the mortgage holder include not just the collection of payments but also conduct mortgage foreclosure and other legal proceedings on the holders behalf.")

Recognizing that it has failed to meet its burden of proof that it has standing to prosecute the Proof of Claim, PNC's fallback position is that the Court's finding that Merritt's alleged admission that PNC is the servicer granted standing to prosecute the Claim. That position is wrong. First, all that Merritt admitted to the Bankruptcy Court was that PNC was the *servicer* of the loan. *See* Merritt's Opening Brief, at 14-15. Merritt never conceded that PNC's *status as servicer entitled it to prosecute* Freddie Mac's proof of claim, because PNC never provided the abovementioned proof demonstrating that it had such authority under its servicing agreement with Freddie Mac. Second, Merritt specifically stated in her confirmed Fourth Amended Chapter 13 Plan that PNC's Claim "will be resolved in accordance with litigation". R. 348-355. PNC did not object to the Plan and therefore is bound by this term of the Plan.[3] Third, Merritt did in fact present evidence that Freddie Mac, not PNC, is the owner/holder of the subject mortgage. PNC admitted that "Freddie Mac is the investor of the Linda Merritt Loan" R. 1116; R. 176. Since PNC is only the servicer, it must present evidence of the powers they have as servicer, but it has failed to present such evidence.

For these reasons, PNC lacks standing to prosecute the proof of claim against Merritt.

---

[3] See *United Student Aid Funds Inc., v. Espinosa*, 559 U.S. 260 (2010)(creditor who is afforded notice and opportunity to be heard with regard to proposed plan, but who fails to object, is bound by terms of confirmed plan).

**III. RES JUDICATA DOES NOT BAR MERRITT FROM CHALLENGING PNC'S STANDING TO PROSECUTE THE PROOF OF CLAIM.**

PNC argues that the doctrine of *res judicata* bars Merritt from asserting that it lacks standing as the real party in interest to file and prosecute its Proof of Claim in this estate, because PNC obtained a default judgment in the state court action. First, PNC did not raise this argument in the Bankruptcy Court; therefore, it cannot raise it now. PNC filed two separate briefs with the Bankruptcy Court in response to the Objection To Claim and one in response to the Motion For Reconsideration but did not raise this issue in any of them.[4] By failing to raise this argument to the Bankruptcy Court, it has been waived. *In re Majestic Star Casino, LLC*, 716 F.3d 736, 746 (3d Cir. 2013) ("arguments not raised below are waived on appeal").

PNC's *res judicata* argument fails for other reasons as well. First, Merritt has not moved to vacate the state court judgment; she is challenging PNC's standing to prosecute the Claim. Second, Freddie Mac, the true owner/holder of the Note and Mortgage, was not a party to the state court proceedings. Third, PNC concealed in the 2010 state court proceedings that National City sold the Note and Mortgage to Freddie Mac in 2005, five years before PNC initiated the state court action and six years before it filed the Claim in this estate. R. 979-983. Thus, the issue that Freddie Mac is the owner/holder of the Note and Mortgage, not PNC,

---

[4] PNC's briefs are at: R. 558-585; 625-698; 751-824.

was never litigated in its state court action.  Not only is *res judicata* inapplicable

PNC's misconduct before the state court constitutes fraud on the court.[5]

Res judicata does not bar a bankruptcy court from reviewing a challenge to

judgment of other courts "on grounds that the purported judgment is not a

judgment because it was obtained by fraud of a party."  *See Heiser v. Woodruff*,

327 U.S. 726, 736 (1945).  PNC obtained a default judgment in state court, and

when Merritt moved to vacate the default judgment, PNC falsely represented that

there was "no sale or assignment of the Mortgage."  In fact, National City sold the

Note and Mortgage to Freddie Mac on January 19, 2005 - five years before PNC

initiated its foreclosure action in state court.

PNC's fraud in the state court action was discovered during the bankruptcy

proceedings, when Merritt discovered that Freddie Mac, not PNC, was the actual

owner and holder of the note and mortgage.  Thus, no court has reviewed National

City's sale of the note and mortgage to Freddie Mac in 2005. PNC now comes to

this Court asserting it is the holder of the original Note and Mortgage which it has

never produced to the Bankruptcy Court.[6] *Res judicata* does not apply when a

---

[5] The Third Circuit recognizes that: "a party will not be precluded from raising a claim by a prior adjudication if the party did not have the opportunity to fully and fairly litigate the claim" See *Corestates Bank N.A. v. Huls America, Inc.*, 176 F.3d 187, 197 (3d Cir 1999).

[6] PNC cites to the Pennsylvania Uniform Commercial Code in support of its argument that as a holder of the Note and Mortgage it has the right to enforce the

judgment debtor uncovers newly discovered evidence of fraud in a state court action. *Levine v. Littman*, 91 Fed. Appx. 217, 220 (3d Cir. 2004) ("Nevertheless a federal court may refuse to honor a state court judgment if the judgment was void ab initio for procedural reasons). For these reasons, *res judicata* does not bar Merritt's challenge to PNC's lack of standing as the real party in interest to prosecute the Claim.

## IV. *ROOKER-FELDMAN* DOES NOT PRECLUDE MERRITT FROM OBJECTING TO PNC'S PROOF OF CLAIM.

PNC proffers that *Rooker-Feldman* acts as an additional bar to Merritt's assertions that it lacks standing as the real party in interest to prosecute the Claim because a Pennsylvania state court has already decided this issue. PNC's argument is meritless. PNC seeks to prosecute a proof of claim in the Bankruptcy Court; it only prosecuted a foreclosure of a mortgage in state court in which it had no interest. The owner/holder of the Mortgage is Freddie Mac not PNC (R.)

---

Note. Specifically PNC states: "...Section 1201 defines a "holder", in relevant part, as "the person in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession." See 13 Pa.C.S. § 1201. The relevant words here are "possession of a negotiable instrument." It is undisputed that PNC has never produced the original unredacted Note and Mortgage for review by the Bankruptcy Court nor has PNC provided a servicing agreement, affidavit or power of attorney authorizing PNC to enforce Note and Mortgage on behalf of the owner Freddie Mac the real party in interest. Without proof of possession of the original Note and Mortgage and the right to enforce it, PNC's "holder" argument fails in its entirety.

The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state court judgments.[7]  However, the Supreme Court has explained that *Rooker-Feldman* is a narrow doctrine, confined to cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  Indeed, the Third Circuit has said to approach pre-*Exxon* formulations of *Rooker-Feldman* "with care".[8]  The Supreme Court itself has pointed out that it has applied the *Rooker-Feldman* doctrine only twice, namely, in *Rooker-Feldman*.[9]  The rationale for the restricted scope of *Rooker-Feldman* was explained by the Supreme Court as follows:

> A more expansive *Rooker-Feldman* rule will tend to supplant Congress' mandate under the full faith and credit act, *28 U.S.C. §1738*, that Federal Courts' give the same preclusion effect to state court judgments than those judgments would be given in the courts of the State from which the judgments emerged.' Congress has directed federal courts to look principally to state law in deciding what effect to give state court judgments. '[I]ncorporation of preclusion principles into *Rooker-Feldman* risks turning that limited doctrine into uniform federal rule governing the preclusive effect of state court judgments, contrary to the Full Faith and Credit Act'.

---

[7] See *Lance v. Dennis*, 546 U.S. 459 (2006); *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).

[8] See *Robinson v. New Jersey Mercer County Vicinage*, 514 Fed. App'x 146, 150 n. 4 (3d Cir. 2013).

[9] *Skinner v. Switzer*, 131 S.Ct. 1289, 1297 (2011).

*Lance v. Dennis*, 546 U.S. at 463.

At most, *Rooker-Feldman* bars a debtor from challenging the merits of an underlying state court judgment—but a party's standing to seek relief as a party in interest "is an issue distinct from whether that party's underlying claim is valid." *In re Miller*, 666 F.3d 1255, 1261 n.4 (10th Cir. 2012). Thus *Rooker-Feldman* doctrine does not bar Merritt from challenging PNC's standing to prosecute the proof of claim in Bankruptcy Court. *Id.*[10]

*In re Miller* is squarely on point. The debtors in *Miller* executed a promissory note in connection with a mortgage on their house. There, as here, a bank claiming to be the holder of the note brought the foreclosure action against the debtors' home and obtained a judgment against the debtors in Colorado state court. The debtor's filed a Chapter 13 petition, and the bank moved for relief from the automatic stay. The debtors asserted that the bank lacked standing to move for relief from the automatic stay, because the bank was not in possession of the note and therefore was not the proper party in interest [11] The Tenth Circuit rejected the

---

[10] The *Rooker-Feldman* doctrine is of limited application where the matter involves substantive bankruptcy rights or rights that could only arise in bankruptcy. *In re Hartman, LLC*, 508 B.R. 339, 342 (Bankr. E.D. Pa. 2014) (citing *In re Funches*, 381 B.R. 381 (Bankr.E.D. Pa. 2008)).

[11] As aforesaid PNC has not produced the original unredacted Note and Mortgage nor any evidence that it is in actual possession of the Note and Mortgage.

bank's argument that *Rooker-Feldman* precluded the debtors from challenging the banks standing to seek relief:

> Deutsche Bank argues that in reaching their conclusions on the standing issue, the BAP and the bankruptcy court properly relied on the *Rooker-Feldman* doctrine. But this reliance was unjustified for at least two reasons. First, given the posture of the parties in this bankruptcy court proceeding, the issue should have been analyzed as one of collateral estoppel (issue preclusion) rather than application of *Rooker-Feldman* doctrine. Second, neither *Rooker-Feldman*, nor issue preclusion applies because the state court finding of "standing" was not a final judgment to which these doctrines could attach.

*Id.* at 1261. The Tenth Circuit's thoughtful and thorough examination of the application of the doctrines of *Rooker-Feldman* and claim preclusion (*res judicata*) to a state court judgment stands with equal force and effect in the instant case. The state court foreclosure proceedings referenced by PNC do not foreclose Merritt from contesting PNC's standing to prosecute its Proof of Claim.

## V.   PNC PERPETRATED A MATERIAL MISREPRESENTATION ON THE COURT.

Citing FRBP 9037, PNC argues that it did not commit a fraud on the Bankruptcy Court by redacting the Freddie Mac loan identifier from the exhibits to its Proof of Claim. PNC misrepresented in the Bankruptcy Court, and misrepresents again here, that it provided "the Bankruptcy Court with copies of the Note and Mortgage without the Freddie Mac identifier redacted." The only unredacted copies disclosing Freddie Mac's name and loan number on the Note and Mortgage were provided by Merritt in her Reply to PNC's Response To The

Objection to Claim. R. 594-597, 599-615. Moreover, PNC first conceded Freddie Mac's role as the investor/owner of loan only after Merritt confronted PNC in her opening brief on the Objection with the Freddie Mac letter confirming that Freddie Mac purchased the Note and Mortgage on January 19, 2005. R. 548-557. Finally, PNC consistently argued falsely that there was no sale or assignment of the Note and Mortgage in both the state court and Bankruptcy Court proceedings. R. 558, 626-627.

PNC distorts Rule 9037 in a feeble attempt to mask its misconduct.[12] The information required to be redacted under Rule 9037(a)(1) include the last four digits of the social security number and tax payer identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4) the last four digits of the financial account number. The redactions required under Rule 9037 do not include the redaction of Freddie Mac's name and loan number #444484036 on the Note and Mortgage that National City sold to Freddie Mac. PNC's distortion of the redaction requirements under Rule 9037 should be disregarded.

---

[12] It is important to note that PNC did not raise the Rule 9037 redaction defense to Appellant's claim that PNC committed a fraud on the court in its Amended Response Of PNC Bank N.A. to Linda Merritt's Objection to Claim. R. 625-628. PNC, asserted for the first time at the argument on the Objection to Claim. R. 1064.

Moreover if PNC had a true and correct copy of the Note and Mortgage (which it does not), Freddie Mac's name and loan number would not be on those documents. Merritt attached to the Motion for Reconsideration a true and correct copy of the original Note, and Freddie Mac's name and loan number are not on the right hand corner of the document.  R. 728-746.[13]  The reason Freddie Mac's name and loan number is not on the copies of the original Note and Mortgage is because National City sold the loan to Freddie Mac after the loan closed. Freddie Mac does not originate loans. R. 721-722.

## VI.  CONCLUSION

For these reasons, Merritt respectfully requests that this Honorable Court grant the following relief: (1) vacate the Bankruptcy Court's order overruling her objection to PNC's Proof of Claim; (2) sustain the Objection to Claim with prejudice; (3) in the alternative, vacate the order overruling the Objection to Claim and grant Merritt discovery and an evidentiary hearing as to Freddie Mac's purchase of the Note and Mortgage; and (4) grant any relief this Court deems just and equitable.

---

[13] PNC has not challenged the authenticity of the copy of the original Note and Mortgage that Merritt has produced.

Respectfully submitted:


/s/ Eugene J. Malady
Eugene J. Malady, Esquire
211 N. Olive Street, Suite 1
Media, PA 19063
(610) 565-5000

Attorney for Appellant
Linda Merritt

## <u>CERTIFICATE OF COMPLIANCE WITH FEDERAL RULES OF APPELLATE PROCEDURE</u>

In compliance with Fed.R.App.P. 28.3(d), Eugene J. Malady is a member of the bar of the United States Court of Appeals for the Third Circuit. In compliance with Fed.R.App.P. 32(a)(7), this brief contains 3,993 words and is prepared in Word using Times New Roman font. This brief was scanned for virus using McAfee Security Center, and no viruses were detected. The electronic and hard copies of this brief are identical.

<u>/s/ Eugene J. Malady</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2017, I served true and correct copies of the

foregoing brief of appellant Linda Merritt upon the following persons via ECF:

Matthew G. Summers, Esquire
Ballard Spahr, LLP
919 N. Market Street, 11th Floor
Wilmington, DE  19801-3034

/s/ Eugene J. Malady
Eugene J. Malady